436 So.2d 311 (1983)
SANTA ROSA MARBLE, INC. and United States Fidelity & Guaranty Co., Appellants,
v.
Raul UBIETA and the Division of Workers' Compensation, Appellees.
No. AQ-29.
District Court of Appeal of Florida, First District.
August 5, 1983.
Rehearing Denied September 6, 1983.
Summers Warden, Miami, for appellants.
Herman M. Klemick, Miami, for appellees.
SHIVERS, Judge.
In this workers' compensation appeal, the employer/carrier (E/C) seeks reversal of an order awarding claimant's attorney a fee. The order which is now before us for review awarded claimant's attorney a $4,000 fee for services rendered up to the date of the hearing and also reserved jurisdiction for "purposes of determining a reasonable attorney's fee owing to claimant's attorney for any future wage loss benefits obtained for the Claimant." The E/C raises several points on appeal, only one of which we find merits discussion. Specifically, the E/C contends that the order in question must be reversed because it erroneously retains jurisdiction to award a reasonable attorney's fee in the future based on future wage loss benefits which may be paid to claimant.
Reservation of jurisdiction to award attorney's fees based on future compensation which may be paid to claimant is improper. In Matera v. Gautier, 133 So.2d 732 *312 (Fla. 1961), the Florida Supreme Court reversed an attorney's fee award which was based upon a percentage of annual disability benefits paid to claimant, stating that:
The fee represents compensation for services rendered up to the date of the hearing. There is no reason, either in logic or in law, for not determining the fee to which the attorney is entitled as of that date and awarding it in a lump sum... . To award an indeterminable fee on the basis of future compensation is to place too great an emphasis on the size of the award and insufficient emphasis on the other elements which go into the determination of the attorney's fee to be awarded.
See also City of Leesburg v. Padgett, 397 So.2d 732 (Fla. 1st DCA 1981). Since it was improper for the deputy commissioner to retain jurisdiction to make a fee award in the future, we strike section 2 of the decretal portion of the order which attempts to do so and affirm the order in all other respects.
ROBERT P. SMITH, Jr. and NIMMONS, JJ., concur.