SMITH, Chief Judge.
Appellant, Department of Military Affairs (DMA), seeks review of a final order entered by the Public Employees Relations Commission (PERC), reinstating appellee, James Griffin, who had been discharged from his employment with DMA. We reverse.
DMA hired Griffin as a military police officer and assigned him the duty of guarding the main gate to Camp Blanding. On November 5, 1985, Griffin worked the midnight shift. During the changing of the guards, he and a few others stood outside the guardhouse talking for a few minutes. After they left, Griffin performed his guard duties until the next morning when Sergeant Jolly, Chief of Military Police, arrived to pick up the shift reports. While in the guardhouse, Jolly observed a partially smoked marijuana cigarette in an ashtray on the counter top. Shortly thereafter Griffin was summoned to Jolly’s office for a meeting with Major Redding. Griffin was given the option of signing a written confession to the possession of marijuana and being disciplined by DMA or being prosecuted to the fullest extent in the judicial system. Griffin signed the confession while maintaining his innocence. Thereafter DMA discharged Griffin for violating a state career service rule prohibiting the possession of nonprescription drugs during working hours.
Griffin requested an administrative hearing before PERC, at which he testified that he never saw the marijuana cigarette in the ashtray and had no idea how it got there. The hearing officer found Griffin to be a credible witness and recommended vacation of his dismissal.
Following entry of the recommended order, DMA asserted that PERC lacked subject matter jurisdiction over this case because of the exemption of military personnel from the career service system. PERC disagreed, and after determining that the hearing officer’s findings of fact were supported by competent, substantial evidence, vacated Griffin's dismissal.
The issue raised by DMA relating to the sufficiency of the evidence is without merit. Notwithstanding strong circumstantial evidence of guilt, the hearing officer chose to believe Griffin’s exculpatory testimony. This was the hearing officer’s prerogative. As we said in Heifetz v. Dept, of Business Regulation, 475 So.2d 1277 (Fla. 1st DCA 1985), “If, as is often the case, the evidence presented supports two inconsistent findings, it is the hearing officer’s role to decide the issue one way or the other.” In addition, it takes no special expertise to determine whether someone is guilty of possessing a marijuana cigarette. The issue is resolved by ordinary methods of proof, weighing the evidence and judging the credibility of the witnesses. Because we reverse on other grounds, our resolution of this issue will become moot in the event DMA prevails below on remand.
Turning to the jurisdictional question, we observe initially that subject matter jurisdiction cannot be conferred upon a court by consent, waiver, error, or inadvertence of the parties, Florida Nat. Bank v. Kassew-itz, 25 So.2d 271 (Fla.1946), and may be raised at any time, Tamiami Trail Tours v. Wooten, 47 So.2d 743 (Fla.1950). See also In Re A.W., 230 So.2d 200 (Fla. 1st DCA 1970), Williams v. Starnes, 522 So.2d 469 (Fla. 2d DCA 1988), Rodriguez v. State, 441 So.2d 1129 (Fla. 3d DCA 1983), and cases cited therein.
All positions in state government are under the career service system unless specifically exempted. Section 110.205(1), Florida Statutes (1985). The exemptions are listed in sections 110.205(2) through (4). In 1980, section 110.205(2) was amended to exempt from the career service system “all *1031 military personnel of the Department of Military Affairs.” Section 2, Chapter 80-404, Laws of Florida (House Bill 1754). Our independent research of the legislative history on House Bill 1754 did not reveal any discussion of this particular exemption.
In 1983, the exemption provision of section 110.205(2) was further amended as follows:
(q) (r) All military personnel of the Department of Military Affairs, and their salary shall be set in accordance with the military pay schedule.
Section 1, Chapter 83-280, Laws of Florida (Senate Bill 126). When the 1983 statutes were published, a semicolon was substituted for the comma, and in 1984 the word “salaries” was substituted for that of “salary,” so that the section read as follows:
(q) All military personnel of the Department of Military Affairs; and their salaries shall be set in accordance with the military pay schedule.
In finding that it had subject matter jurisdiction, PERC stated in its order the following:
DMA bases its challenge to the Commission’s jurisdiction on Section 110.-205(2)(q), Florida Statutes (1985), which exempts from the career service system all military personnel of the Department of Military Affairs who have their salary set in accordance with the military pay scale. We have reviewed the documents furnished the Commission at the time the appeal was filed and find that, according to the Department of Military Affairs’ Adjutant General’s Office personnel action sheet, Griffin’s salary was set in accordance with the career service system pay plan. Therefore, Griffin is not an employee to whom the exemption in Section 110.205(2)(q) applies. Accordingly, DMA’s motion to dismiss is DENIED.
On appeal, DMA concedes that Griffin’s salary is only roughly equivalent to what it would be under the federal military pay scale, but nevertheless takes the position that the exemption of “military personnel” contained in section 110.205(2)(q) is not contingent upon DMA’s proper exercise of its salary setting authority.
Because of DMA’s belated concern that Griffin actually falls in the category of “military personnel,” a term as to which no precise definition has been cited, it urges that PERC’s determination that it had subject matter jurisdiction should be reversed, the entire proceeding should be nullified, and Griffin should then be subject to discipline by the Adjutant General as a member of the Florida National Guard. Article X, Section 2, Florida Constitution; section 110.205(2)(q), Florida Statutes (1985). As an alternative, DMA urges that the case should be remanded to PERC for an evi-dentiary hearing on the limited issue of whether Griffin’s offense was “more of a military matter than civilian.”
Neither our own extensive review of the legislative history of section 110.205(2)(q), nor anything furnished by counsel on this appeal, has yielded information that would lend support for PERC’s interpretation of the statute. That DMA’s failure to follow the military pay schedule in setting the salary for an employee who otherwise qualifies as “military personnel” automatically removes that employee from the exempt category does not, in our opinion, necessarily follow as a matter of law.
We conclude, upon consideration of the arguments of both sides, that the fact that DMA did not set Griffin’s salary in accordance with the military pay scale may or may not be dispositive of Griffin’s status as either “military personnel” or a civilian employee of DMA, depending upon the policy and practice of DMA, and the significance attached by DMA to the pay scale by which its employees are compensated in relation to all other indicia of “military” versus “civilian” status of its employees. We find that PERC’s determination that Griffin was not exempt as “military personnel” is unaccompanied by sufficient explanation to be accorded acceptance either as a matter of law, or as a determination of fact. PERC’s interpretation of the statute is dependent upon the significance attached to a single fact, the pay scale, without the benefit of any rule, policy, or factual predicate or explanation in the record. Cf, Public Employees Relations Commission v. *1032 Dade County Police Benevolent Association, 467 So.2d 987 (Fla.1985) (reviewing court must defer to an agency’s interpretation of an operable statute as long as that interpretation is consistent with legislative intent and is supported by competent substantial evidence). We are compelled therefore to reverse and remand in order that the parties shall have the opportunity for an evidentiary hearing on the jurisdictional issue. Section 120.68(13), Florida Statutes (1985).
Accordingly, PERC’s final order vacating the dismissal of Griffin by DMA is REVERSED and the cause is REMANDED for further proceedings.
ERVIN and NIMMONS, JJ., concur.