576 So.2d 946 (1991)
Patricia D. LOVELADY, Appellant,
v.
Gale L. LOVELADY, Appellee.
No. 90-01011.
District Court of Appeal of Florida, Second District.
March 29, 1991.
T.W. Weeks, III and Tony C. Dodds, Lakeland, for appellant.
Arthur C. Fulmer, Lakeland, for appellee.
FRANK, Acting Chief Judge.
The former wife has appealed from the Final Judgment of Dissolution of Marriage, contending that the trial court erred in awarding her only $700.00 per month in alimony, in decreeing that the husband's home be the primary residence of the minor children, and in failing to consider the husband's retirement plan as a marital asset *947 subject to equitable distribution. We affirm in part and reverse in part.
We affirm the alimony award. Although the amount is admittedly insubstantial, the incomes of the parties are unfortunately similarly meager. We do not discern an abuse of the trial court's discretion in the alimony award under the circumstances of this case.
The trial court did err, however, in placing the children in the primary residential care of the husband without making any findings as to how that arrangement would serve the best interests of the children. The trial court ordered the parents to share parental responsibility for the children, as is mandated by section 61.13(2)(b)2, Florida Statutes (1989), "unless the court finds that shared parental responsibility would be detrimental to the child[ren]." The court is empowered in section 61.13(2)(b)2a to divide the responsibilities between the parents, including primary residence. The determination of primary residence is to be based upon consideration of the best interests of the child, and section 61.13(3) requires the trial court to evaluate "all factors affecting the welfare and interests of the child." For guidance, the statute includes a number of factors that may be considered.
The problem with the final judgment is that it contains no reference to the trial court's findings in regard to primary residence. In fact, the judgment does not contain even a bare conclusion that the best interests of the children would be served by the living arrangements ordered. We are led to the conclusion, therefore, that the trial court may have overlooked the necessity to evaluate the relevant factors, and we must remand for the trial court to make the requisite findings.
Finally, the trial court erred in failing to consider the husband's pension plan as a marital asset to be factored into the equitable distribution. See Diffenderfer v. Diffenderfer, 491 So.2d 265 (Fla. 1986). On remand, the trial court shall conduct an evidentiary hearing concerning the retirement plan assets.
Affirmed in part, reversed in part, and remanded.
THREADGILL and PATTERSON, JJ., concur.