POLEN, Judge.
The parties to this appeal were divorced by final judgment of dissolution of marriage in September of 1990. The parties had been married for approximately ten years. The husband is a medical doctor, 76 years of age at the time of trial, and the wife is a real estate entrepreneur, 66 years old at the time of trial. The husband had been married once before, his prior spouse having been tragically murdered during a robbery; and the wife had been married five times prior to the marriage at issue in the instant case.
While the wife had engaged in rather profitable real estate speculations both pri- or to and during the marriage, she halted all of her business activities just prior to filing her petition for dissolution of marriage. The wife's testimony to the trial court about her financial position was suspect.
The husband has been a doctor since 1938 and he now works as a semi-retired physician. He had a Keough retirement plan as well as substantial assets which he disclosed to the trial court. The husband loaned the wife large amounts of money, interest free, during the marriage which the wife used for real estate dealings.
Upon dissolution of the marriage the trial court awarded the wife $700 per month in permanent periodic alimony which would supplement her $525 per month social security benefits. The trial court also awarded the wife 42.5 percent of the marital estate and ordered the husband to forgive a debt owed by the wife in the amount of $33,313.17. The wife claimed that she was shortchanged and appealed the final judgment. We affirm the final judgment noting that when the amount of the forgiven debt is applied to the wife’s award, then her percentage of assets received rises to 50.64 percent of the marital estate.
Under Bobb v. Bobb, 552 So.2d 334 (Fla. 4th DCA 1989), equal distribution is recommended unless there is justification for departure. Here in the case at bar the trial court ordered the husband to forgive a substantial debt which equalized the relative positions of the parties and satisfied the requirements of Bobb. The trial court also considered the Keough plan of the husband in accordance with section 61.075, Florida Statutes (1989), and we find no error with regard to that issue.
The wife argued that the trial court erred in failing to attribute an inflated goodwill value to the husband’s medical practice. Under Thompson v. Thompson, 576 So.2d 267 (Fla.1991), goodwill value is to be considered by the trial court in valuing professional practices; however, in the instant case the husband’s practice had declined substantially in value since the marriage began in 1980. The husband’s retirement was shown to be progressive in na *451 ture and therefore there was no appreciation which could be considered a marital asset. We note that the trial court found the testimony of the wife’s expert to be entirely without credibility as to the valuation of the husband’s practice.
The wife argued that she should have been awarded all of her attorney’s fees incurred in conjunction with the trial proceedings, while the trial court only ordered the husband to pay one half of the amount to be determined in the future. The wife never moved for a determination of the amount of her fees, nor was any amount reflected in the final judgment. We cannot determine whether the wife has the ability to pay without first knowing the amount of the fees. This issue is not ripe for appellate review. Hurtado v. Hurtado, 407 So.2d 627 (Fla. 4th DCA 1981).
While the husband filed a cross appeal in this case, he indicated both in his briefs and at oral argument that the relief sought was a general affirmance. We see no need to go any further into the matters raised in the cross appeal in light of our decisions concerning the wife’s initial appeal.
Both parties moved for appellate attorney’s fees, the husband claiming that this appeal was frivolous and the wife claiming that she has the need and that the husband has the ability to pay. We find that the appeal was not frivolous and that the wife has neither demonstrated her need nor the husband’s greater ability to pay. The respective motions for appellate attorney’s fees are denied.
The final judgment of dissolution is affirmed in all respects.
DELL and GUNTHER, JJ., concur.