591 So.2d 1100 (1992)
Roger MISHOE, Appellant,
v.
Sandra Allen MISHOE, Appellee.
No. 91-2126.
District Court of Appeal of Florida, First District.
January 2, 1992.
*1101 J. Paul Fitzgerald of Clay & Fitzgerald, Milton, for appellant.
Allen W. Lindsay, Jr. of Lindsay, Andrews & Leonard, Milton, for appellee.
PER CURIAM.
The former husband, Mr. Mishoe, appeals an order modifying his child support obligation and assessing certain attorney's fees against him and in favor of his former wife. As to the child support award, appellant has demonstrated no error. The somewhat unusual attorney's fee award must, however, be reversed.
In April 1989, Mr. and Mrs. Mishoe obtained a final judgment of dissolution of marriage. In that judgment the trial court addressed the attorney's fee issue as follows: "The husband is not presently financially able to pay alimony and attorney fees while unemployed. However, the Court reserves jurisdiction to consider such issues following the husband's re-employment."
As part of the present modification proceeding Mrs. Mishoe sought an award of attorney's fees for the dissolution proceeding, based upon the court's palpable reservation of jurisdiction on that subject. Although the successor circuit judge, upon hearing the modification proceeding, apparently felt bound by the language contained in the final judgment of dissolution to award Mrs. Mishoe an attorney's fee for the earlier proceeding, we hold that such an award was error.
Attorney's fees may be awarded in domestic cases to insure that each party has a similar ability to secure competent legal counsel. Canakaris v. Canakaris, 382 So.2d 1197, 1205 (Fla. 1980). In the instant case, however, the original trial judge made no finding as to Mrs. Mishoe's ability to pay her own fees. He specifically found that Mr. Mishoe was not financially able to pay attorney's fees. Having made this factual finding, any attempt to defer consideration of attorney's fees into the indefinite future was ineffectual. The critical inquiry under § 61.16, Florida Statutes (1989), is the parties' relative ability to obtain counsel at the time of the proceeding in question. See Canakaris. If a trial court could reserve such a determination until years after the dissolution, it would stand to reason that if a party receiving an award of attorney's fees greatly improves his or her circumstances in the future, that party could be required to reimburse the payor spouse by the simple means of reserving jurisdiction. We do not believe that such a result is authorized, or even remotely contemplated, by § 61.16. Mr. Mishoe's failure to appeal the reservation of jurisdiction does not change the result here, since subject matter jurisdiction may not be conferred by stipulation or waiver by the parties and may be raised at anytime. Department of Military Affairs v. Griffin, 530 So.2d 1029, 1030 (Fla. 1st DCA 1988); Williams v. Starnes, 522 So.2d 469, 471 (Fla. 2d DCA 1988). The purported reservation of jurisdiction is a nullity.[1]
It further appears that the judge in the modification did not consider Mr. and Mrs. Mishoe's current relative abilities to pay attorney's fees. The record indicates that the former wife has, since the dissolution, received a substantial amount of money in the form of a personal injury settlement, and has used a portion of that money to pay her divorce attorney. Although Mr. Mishoe is now employed, the record contains *1102 no evidence, nor does the order appealed from contain a finding, to the effect that the former husband has a greater ability to pay attorney's fees than does the former wife, at the present time. Admittedly, the trial court may have felt it unnecessary to delve into the issue of present wealth and ability to pay fees, based upon the first judge's attempt to reserve jurisdiction. We observe, however, that the first judge only attempted to reserve jurisdiction to consider the issue of fees, and nothing in the original final judgment of dissolution mandates an award of attorney's fees to Mrs. Mishoe.
We affirm the child support determination, and reverse the award of attorney's fees to the former wife.
JOANOS, C.J., and ZEHMER and KAHN, JJ., concur.
NOTES
[1] This is not a case in which the court determined entitlement to fees and reserved jurisdiction to set the award. Such is clearly proper. Young v. Young, 507 So.2d 614 (Fla. 2d DCA 1987); Bailey v. Bailey, 392 So.2d 49, n. 5 (Fla. 3d DCA 1981).