639 So.2d 122 (1994)
Tracy Lynn BADER, Appellant,
v.
Philip Charles BADER, Appellee.
No. 93-00523.
District Court of Appeal of Florida, Second District.
June 24, 1994.
*123 M. Katherine Ramers, Dunedin, for appellant.
Steven T. Northcutt of Levine, Hirsch, Segall & Northcutt, P.A., Tampa, for appellee.
EN BANC
LAZZARA, Judge.
We grant the mother's petition for rehearing en banc to resolve conflict with Lovelady v. Lovelady, 576 So.2d 946 (Fla. 2d DCA 1991), and Braman v. Braman, 602 So.2d 682 (Fla. 2d DCA 1992), and to address an issue of exceptional importance.
Our focus is on section 61.13(3), Florida Statutes (1991), which requires a trial court, *124 in determining the best interests of a child for purposes of awarding shared parental responsibility and primary residential custody, to evaluate all factors, some of which are specifically enumerated, that affect the welfare and interest of that child. The issue we examine is to what extent the record must reflect a trial court's evaluation of these factors when it makes a custody decision.
At the conclusion of the final hearing, the trial court announced that it had considered the relative merits of each party to be the primary residential custodian. After acknowledging that its responsibility was to make this decision based on the best interests of the children, the trial court concluded that "the children's interest will be best served if shared parental responsibility is awarded, but with primary residence with the father." The final judgment memorialized this custody arrangement but contained no reference as to how the arrangement served the best interests of the children.
The mother contends that the final judgment fails to conform to the requirements of Lovelady, in which we stated:
The problem with the final judgment is that it contains no reference to the trial court's findings in regard to primary residence. In fact, the judgment does not contain even a bare conclusion that the best interests of the children would be served by the living arrangements ordered. We are led to the conclusion, therefore, that the trial court may have overlooked the necessity to evaluate the relevant factors [of section 61.13(3)], and we must remand for the trial court to make the requisite findings.
576 So.2d at 947. Although not cited by the mother, we also note our decision in Braman in which we reversed an award of sole parental responsibility under section 61.13(2)(b)2., Florida Statutes (1989), and remanded with directions that "the trial court enter appropriate findings disclosing its evaluation of the criteria set forth in section 61.13(3), Florida Statutes (1989)." 602 So.2d at 683.
We affirm the trial court's placement of the children with the father. In doing so, we recede from Lovelady and Braman to the extent they conflict with this opinion and align ourselves with Murphy v. Murphy, 621 So.2d 455 (Fla. 4th DCA 1993), review granted, 630 So.2d 1100 (Fla. 1993).[1] We agree with the basic principle of Murphy that section 61.13(3) does not require a trial court to embody specific findings of fact supporting a custody decision in its final judgment.
Accordingly, we hold, in the context of shared parental responsibility, that a trial court's ultimate finding, expressed either on the record or in the final judgment, that an award of primary residential custody to one parent is in the best interests of a child, is sufficient to sustain the award so long as there is substantial competent evidence in the record that permits the court to properly evaluate the relevant factors. Measured against this standard, we conclude that the trial court's "best interests" finding on the record is supported by the evidence and is sufficient to demonstrate that the court evaluated the requisite criteria in awarding custody to the father.
We also hold, in the context of an award of sole parental responsibility, that a trial court is only required to make a specified finding, either on the record or in the final judgment, that shared parental responsibility would be detrimental to a child. Again, such an ultimate finding will be upheld as long as there is substantial competent evidence in the record that conforms to the relevant factors. This holding returns us to the state of the law pre-dating our opinion in Braman regarding the sufficiency of a finding to support such a custody decision. E.g., Hicks v. Hicks, 511 So.2d 628 (Fla. 2d DCA 1987).
We believe that the procedure we have adopted is consistent with the legislature's intent and will prove beneficial in several respects. First, it will promote the welfare of a child, who is often a pawn in a custody *125 dispute between parents, by relieving a trial court of the burden of making specific factual findings that could adversely affect the child's privacy interests. Murphy, 621 So.2d at 457. Second, it will provide a trial court with definitive guidance as to how it is to manifest the basis for its discretionary decision in light of the relevant factors. Finally, it will provide an appellate court with a record from which it can determine, under the abuse of discretion standard, if there is substantial competent evidence to support a trial court's custody decision. See Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980); Dinkel v. Dinkel, 322 So.2d 22 (Fla. 1975).
Affirmed.
FRANK, C.J., and RYDER, DANAHY, CAMPBELL, SCHOONOVER, HALL, THREADGILL, PARKER, PATTERSON, ALTENBERND, BLUE, FULMER and QUINCE, JJ., concur.
NOTES
[1] Murphy certified conflict with Braman on the issue of "findings." 621 So.2d at 459 (on motion for rehearing). Whether our decision today obviates the necessity of review by the supreme court remains to be determined by that court. See Robertson v. Robertson, 593 So.2d 491 (Fla. 1991).