692 So.2d 205 (1997)
Michelle DUCHESNEAU, Appellant,
v.
Donald DUCHESNEAU, Appellee.
No. 96-368.
District Court of Appeal of Florida, Fifth District.
March 14, 1997.
Rehearing Denied April 22, 1997.
*206 Henry J. Martocci, Cocoa, for Appellant.
James R. Dressler, Cocoa Beach, for Appellee.
W. SHARP, Judge.
The former wife appeals portions of a final judgment of dissolution relating to the award of primary custody of the parties' minor children and the award of attorneys fees. We affirm the custody award, but reverse and remand for reconsideration of the award of attorneys fees.
The parties were divorced after ten years of marriage and the birth of two daughters. At the time of the dissolution, the husband's net monthly income was $1,167 and the wife's was $867. The husband was ordered to pay 57% of the marital debt and the wife 43%, based upon their respective incomes. The husband received primary residential custody of the children and the wife was ordered to pay child support consistent with the child support guidelines. The husband received exclusive use and occupancy of the marital residence, which had an equity of under $7,000.
The former wife challenges the award of primary residential custody to the former husband because no specific findings were made by the trial court with regard to the statutory considerations set forth in section 61.13(3), Florida Statutes. However, there is no statutory requirement that specific findings be made with regard to the statutory considerations, and this court has not ruled that such express findings must be made. The ultimate consideration is the best interest of the child. Dinkel v. Dinkel, 322 So.2d 22 (Fla.1975). That is the sole ultimate finding this court has required. Berki v. Berki, 636 So.2d 532 (Fla. 5th DCA), rev. denied, 645 So.2d 450 (Fla.1994). If that finding is made on the record to sustain a custody award, the appellate court considers whether there is substantial competent evidence to support the award. Dykes v. Dykes, 395 So.2d 188, 190 (Fla. 5th DCA 1981), rev. denied, 402 So.2d 609 (Fla.1981); Maran v. Maran, 384 So.2d 950 (Fla. 4th DCA 1980). See also Williams v. Williams, 676 So.2d 493 (Fla. 5th DCA 1996) (in modification proceeding in transfer of custody, issue is whether record supports change in child's best interest).
In this case, the record shows that the husband cared for the children during periods of time when the wife was absent from the marital residence at night and on weekends. He coached the girls for six years on a soccer team and taught them how to swim. He also cooked, cleaned the house and did the laundry. He spent much of his time with his daughters, taking them to various meetings and activities, including to church, birthday parties, and to Brownies. He also exhibited appropriate parenting skills in setting guidelines for the children. Even the wife's witness, Brackin, testified that the husband took an active part in the lives of the children and that he was a good parent. And the wife's sister testified that she only saw her nieces when they were with the husband, and that she also allowed him to care for her children. In this case, there is substantial competent evidence to support the award of primary residential custody to the husband.
The wife also challenges the attorney fees provision in the final judgment. It provides:

*207 The Court reserves jurisdiction to set a reasonable amount of attorney's fees to be awarded Petitioner, with the proviso that any such fee will be paid out of the first proceeds of the sale of the former marital residence when the same is sold.
The wife argues that this is a non-award because the husband was awarded exclusive use and occupancy of the marital residence as long as he is unmarried and utilizes the residence as a home for either of the minor children, aged 9 and 4 at the time of the dissolution.
An order which determines the right to attorney's fees, without setting an amount, is a nonappealable, non-final order. Seymour v. Seymour, 661 So.2d 28 (Fla. 2d DCA 1994); Pitone v. Pitone, 585 So.2d 449 (Fla. 4th DCA 1991); Hurtado v. Hurtado, 407 So.2d 627 (Fla. 4th DCA 1981). However, this appeal involves a challenge to the validity of the reservation itself,[1] since it does not specifically determine the wife's entitlement to such fees. Rather, by its language, it postpones both determination of the amount and the existence of any award until the happening of a future occurrence
The purpose of a reservation of jurisdiction for attorneys fees under § 61.16 is to determine entitlement to, and amount of, fees to be paid for services rendered in the past during the dissolution action. Cibula v. Cibula, 578 So.2d 519 (Fla. 4th DCA 1991). This statute is intended to enable both parties to secure competent legal counsel and put them on an equal footing, concerning their relative abilities to pay for competent legal counsel. Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980); Boyett v. Boyett, 683 So.2d 1140 (Fla. 5th DCA 1996).
In dissolution cases, an attorney's fee award is based on the current relative financial positions of the parties at the time of dissolution when they depart the marriage, not at some unspecified future date. See Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980); Boyett v. Boyett, 683 So.2d 1140 (Fla. 5th DCA 1996); Sizemore v. Sizemore, 487 So.2d 1080 (Fla. 5th DCA 1986). In Mishoe v. Mishoe, 591 So.2d 1100 (Fla. 1st DCA 1992), the First District noted that if a trial court could reserve jurisdiction to award attorney's fees in the indefinite future, the party receiving the award could benefit from the payor-spouse's improved future financial circumstances. Such a procedure would circumvent consideration of the parties existing circumstances.[2] The Mishoe court found that this was not the result intended by section 61.16, and found the reservation to be a nullity. Id at 1101.
The reservation imposed here is improper because it does not determine the wife's entitlement to attorneys' fees, or the amount. This result is not authorized by statute or case law. We therefore remand to the trial court to revisit this issue. The balance of the judgment is affirmed.
AFFIRMED in part, REVERSED in part, and REMANDED.
GOSHORN and THOMPSON, JJ., concur.
NOTES
[1] The provision does not specifically provide that the wife will receive such an award, rather it merely reserves jurisdiction to do so in the future, limiting it to proceeds from the marital residence.
[2] Awards of attorney's fees based on future occurrences in other areas of the law have been similarly frowned upon. See Santa Rosa Marble, Inc. v. Ubieta, 436 So.2d 311 (Fla. 1st DCA 1983).