817 So.2d 1075 (2002)
Terry Lynn CADLE, Appellant,
v.
David William NORRIS, Appellee.
No. 5D00-3417.
District Court of Appeal of Florida, Fifth District.
June 7, 2002.
*1076 Terry L. Cadle, Orlando, pro se.
David William Norris, Mount Dora, pro se.
PER CURIAM.
Terry Lynn Cadle appeals the trial court's award of primary residential custody of her child to the child's father, David William Norris.
The trial court's decision is reviewed by this court under an abuse of discretion standard and affirmance is required if there is substantial competent evidence to support the finding that the award of custody is in the best interest of the child. The record contains substantial competent evidence that supports the trial court's decision. See Young v. Hector, 740 So.2d 1153, 1157 (Fla. 3d DCA 1998), rev. dismissed, 763 So.2d 1046 (Fla.2000); Duchesneau v. Duchesneau, 692 So.2d 205, 206 (Fla. 5th DCA 1997).
Cadle also contends that the trial court erred by denying her motions for recusal and change of venue. The common reason for both motions was her concern that none of the judges in the fifth judicial circuit could make an impartial decision because Norris was employed by the public defender for that circuit. We note, however, that Norris' administrative duties with the public defender's office do not require that he practice before the judges of the circuit. Furthermore, he is not a member of the Florida Bar although those factors standing alone would not necessarily require the recusal of all of that circuit's judges.
*1077 A motion to recuse must state a fear of judicial bias that is objectively reasonable; subjective fears are insufficient. See Shuler v. Green Mountain Ventures, Inc., 791 So.2d 1213, 1215 (Fla. 5th DCA 2001). It is unreasonable to assume partiality because a judge may know a member of the local community or the work force in a courthouse. There is no evidence in this case that would indicate that the trial judge even knew Norris or that the judge was influenced by anything other than the abundant evidence supporting the appealed order. Additionally, the denial of the motion for a change of venue is supported by the fact that a vast majority of witnesses resided in Lake County.
We find no merit in the remaining issues raised on appeal and affirm the trial court's award.
AFFIRMED.
HARRIS, PETERSON and ORFINGER, R.B., JJ., concur.