825 So.2d 1016 (2002)
Cynthia D. CLARK, Appellant,
v.
Edward G. CLARK, Appellee.
No. 1D01-3921.
District Court of Appeal of Florida, First District.
September 6, 2002.
Appellant, pro se.
David C. Gaskin, Wewahitchka, for Appellee.
BENTON, J.
Cynthia D. Clark appeals the supplemental final judgment that awarded primary residential custody of the parties' minor child to her former husband, Edward G. Clark. The trial court relied on evidence outside the record in deciding the question of custody, and made no finding that awarding custody to Mr. Clark was in the child's best interests. For both these reasons, we reverse and remand for further proceedings.
Before entering final judgment, the trial court had awarded temporary custody of the child to Mr. Clark. In the final judgment of dissolution, the trial court reserved jurisdiction to determine permanent primary residence and visitation rights post-dissolution. After a subsequent *1017 hearing, which was not transcribed, the trial court entered a supplemental final judgment, which provides in relevant part as follows:
THIS MATTER having come before this Court on November 22, 2001 for a re-hearing to determine the primary residence of the parties minor child, ... the Court finds as follows:
1. That the Former Wife's circumstances do not provide the highest degree of stability;
2. That though no evidence was presented, the neighborhood in which the Former Wife is residing is dangerous;
3. That the Former Wife is in a position to provide financial support for the parties minor child;
4. It is therefore
ORDERED AND ADJUDGED that the Former Wife is ordered to pay child support in the amount of $209.00 per month to the Former Husband ...;
ORDERED AND ADJUDGED that the Former Wife should have standard visitation in accordance with the Standard Visitation Schedule which is attached hereto and incorporated herein by reference.
ORDERED AND ADJUDGED this 23rd day of Aug., 2001.
While the supplemental final judgment does not expressly designate Mr. Clark the child's primary residential parent, it does so implicitly in that it orders Ms. Clark to pay child support and grants her visitation rights. See Langford v. Ortiz, 654 So.2d 1237, 1238 (Fla. 2d DCA 1995) (holding "that the lower court should have entered a final order on custody"). Even a temporary award of custody, moreover, requires consideration of the child's best interests and findings based on evidence, in accordance with section 61.13(3), Florida Statutes (2000).
A trial court need not make separate findings as to each of the factors in section 61.13(3), but it must find, at a minimum, that its custody determination is in the best interests of the child. See Duchesneau v. Duchesneau, 692 So.2d 205, 206 (Fla. 5th DCA 1997); Bader v. Bader, 639 So.2d 122, 124 (Fla. 2d DCA 1994) (en banc); Murphy v. Murphy, 621 So.2d 455, 457-58 (Fla. 4th DCA 1993); see also Cadle v. Norris, 817 So.2d 1075, 1076 (Fla. 5th DCA 2002); Young v. Hector, 740 So.2d 1153, 1158 (Fla. 3d DCA 1998) (en banc). The requisite findings must either be stated on the record or set out in the custody order:
[I]n the context of shared parental responsibility, ... a trial court's ultimate finding, expressed either on the record or in the final judgment, that an award of primary residential custody to one parent is in the best interests of a child, is sufficient to sustain the award so long as there is substantial competent evidence in the record that permits the court to properly evaluate the relevant factors.
Bader, 639 So.2d at 124; see also Duchesneau, 692 So.2d at 206; Murphy, 621 So.2d at 457. The supplemental final judgment in the present case does not contain necessary findings. It merely recites that "the Former Wife's circumstances do not provide the highest degree of stability" and that "though no evidence was presented, the neighborhood in which the Former Wife is residing is dangerous" without ever addressing the broader question of the best interests of the child. The supplemental final judgment fails to find that awarding Mr. Clark primary residential custody is in the best interests of the child. See § 61.13(3), Fla. Stat. (2000).
Although the hearing was not transcribed, and Ms. Clark cannot be heard to complain about the force or weight of the evidence adduced there, see Applegate v. Barnett Bank, 377 So.2d 1150, 1152 (Fla. 1979); Klette v. Klette, 785 So.2d 562, 563 *1018 (Fla. 1st DCA 2001), it is clear from the record that no findings regarding the child's best interests were made at the hearing. Both parties filed written argument concerning the child's best interests after the hearing concluded, because the question had not yet been decided.
The supplemental final judgment is also erroneous as a matter of law because it relies, at least in part, on matters outside the record. The trial court conceded in the supplemental final judgment that "no evidence was presented" to support its finding that the "neighborhood in which the Former Wife is residing is dangerous." With exceptions not pertinent here, findings by a trial court must be based on evidence. See, e.g., Dinkel v. Dinkel, 322 So.2d 22, 24 (Fla.1975); Ward v. Ward, 742 So.2d 250, 254 (Fla. 1st DCA 1996). To the extent the trial court relied on matters dehors the record in determining custody, it acted beyond its authority.
Accordingly, we reverse the supplemental final judgment and remand for further proceedings consistent with this opinion.
BOOTH and VAN NORTWICK, JJ., concur.