944 So.2d 1136 (2006)
Rhonda KNIFLEY, Appellant,
v.
Wally KNIFLEY, Appellee.
No. 5D05-2016.
District Court of Appeal of Florida, Fifth District.
December 8, 2006.
Stanley Wolfman of Wolfman & Wolfman, P.A., Melbourne, for Appellant.
Richard Feinberg, Indialantic, for Appellee.
*1137 PER CURIAM.
We affirm the final judgment dissolving the parties' marriage. We write to address one issue raised on appeal. In the final judgment, the trial court found it was in the best interests of the minor children for the husband to have primary residential custody. No other factual findings were made with regard to this hotly contested issue.
The wife requests that this court require trial judges to make detailed factual findings in disputed custody cases. We decline to do so. Section 61.13(3), Florida Statutes (2005), sets forth numerous factors that a trial court is to consider in determining custody. The statute does not require factual findings as to each enumerated factor. It is sufficient for a trial judge to make a finding as to the best interests of the minor child  provided such finding is supported by substantial competent evidence. Duchesneau v. Duchesneau, 692 So.2d 205 (Fla. 5th DCA 1997). See also Clark v. Clark, 825 So.2d 1016 (Fla. 1st DCA 2002); Bader v. Bader, 639 So.2d 122 (Fla. 2d DCA), rev. denied, 649 So.2d 232 (Fla.1994); Murphy v. Murphy, 621 So.2d 455 (Fla. 4th DCA 1993).
Although there may be valid policy arguments to support the wife's position, we believe these arguments should be addressed to the Legislature. Hack v. Janes, 878 So.2d 440, 444 (Fla. 5th DCA 2004).
AFFIRMED.
THOMPSON, LAWSON and EVANDER, JJ., concur.