966 So.2d 1007 (2007)
Krista BEVIL, Appellant,
v.
Timothy Robert CARSON, Appellee.
No. 5D06-3173.
District Court of Appeal of Florida, Fifth District.
October 12, 2007.
Rhonda Portwood, Inverness, for Appellant.
No Appearance for Appellee.
THOMPSON, J.
Krista Bevil ("Bevil") appeals the trial court's final judgment of paternity awarding Timothy Robert Carson ("Carson") primary residential custody of J.C. and ordering Bevil to bear all transportation costs associated with her visitation schedule. We affirm the order granting Carson primary residential custody, but reverse the requirement that Bevil pay all transportation costs.
J.C. was born with spina bifida, which required surgery and medical attention. Bevil and Carson lived together for four years after J.C.'s birth before they separated. Bevil subsequently entered a tumultuous marriage and had a second child. The turmoil in her life resulted in two DCF investigations. Bevil's husband had been arrested for several crimes, including domestic violence against her. J.C. once witnessed Bevil's husband drag her down a staircase. A dependency proceeding ensued in which Bevil stipulated to J.C.'s placement with Carson. She testified that because she worked long hours, had multiple surgeries, and a new child, it would be in J.C.'s best interest to live with Carson. Carson subsequently filed a petition to establish paternity, child custody, and child support and an emergency motion for order preventing removal of minor child from jurisdiction/motion for temporary custody.
During the evidentiary hearing, the trial court heard testimony from Bevil, Carson, and their witnesses attesting to Bevil and Carson's treatment of J.C. and their parenting ability. Both parents presented testimony about the other's shortcomings. The trial court entered a detailed order granting Carson primary custody.
*1009 Bevil contends that the trial court abused its discretion by awarding Carson primary residential custody of J.C. without considering the statutory criteria of section 61.13(3), Florida Statutes (2006). Although Bevil concedes that the trial court is not required to make specific written findings of fact as to each factor listed in section 61.13(3), she argues the trial court is required to evaluate each factor because of policy reasons. However, this court stated in Knifley v. Knifley, 944 So.2d 1136, 1137 (Fla. 5th DCA 2006), that:
the statute [61.13(3)] does not require factual findings as to each enumerated factor. It is sufficient for a trial judge to make a finding as to the best interests of the minor child-provided such finding is supported by substantial competent evidence. Duchesneau v. Duchesneau, 692 So.2d 205 (Fla. 5th DCA 1997).
This court also declined to require trial judges to make detailed findings in disputed custody cases and suggested that policy arguments for such a requirement be directed to the Florida legislature. Id. Here, the record and order reflect that the court considered the required statutory factors.
Further, Bevil argues the trial court's decision to award primary residential custody to Carson was not supported by substantial, competent evidence. The trial court's ultimate consideration is the best interest of the child. Duchesneau v. Duchesneau, 692 So.2d 205, 206 (Fla. 5th DCA 1997). If a finding is made on the record to sustain a custody award, the appellate court considers whether there is substantial competent evidence to support the award. Id. Bevil cites her 2005 gross income of $70,000 as a reason she should be designated primary residential custodian. However, she had returned to school and had been unemployed for almost a year. At the time of the June 2006 hearing, she was three days from completing her educational program and did not have any information concerning her future employment possibilities or salary potential. The evidence established that Carson's home was a stable environment for the child, while Bevil's home and lifestyle was in a transitional phase due to her health, career change, and uncertain employment prospects. In light of these findings, the trial court based its ruling on substantial, competent evidence and did not abuse its discretion in awarding Carson primary residential custody.
Finally, Bevil contends that the trial court erred when it ordered her to bear all transportation costs, time, and travel associated with her visitation schedule. She contends that these costs should be borne equally by both parents. In a marital dissolution action, the expense of transporting J.C. for visitation is a childrearing expense like any other. Drakulich v. Drakulich, 705 So.2d 665, 667 (Fla. 3d DCA 1998). Child support guidelines provide that transportation expenses, like other childrearing costs, should be shared by the parents in accordance with their financial means. McKenna v. Fisher, 778 So.2d 498, 499 (Fla. 5th DCA 2001). Here, the trial court did not consider the parents' respective ability to contribute to transportation costs.
At the time the trial court entered the paternity judgment, it reserved jurisdiction to determine child support because it had no information concerning Bevil's income. Bevil had been contributing nothing to J.C.'s support. Once the court has information concerning Bevil's income, it may then enter the appropriate child support award and reconsider the visitation expense issue.
We AFFIRM the award of primary residential custody to Carson, and REMAND *1010 to consider visitation expense and escort duty in conjunction with the child support calculation.
PALMER, C.J., and LAWSON, J., concur.