REST, S., Associate Judge.
 

 In this dissolution of marriage proceeding, the wife challenges provisions of the Final Judgment awarding primary residence of the child to the husband, imputing income to the wife, establishing child support based upon the imputed income and requiring each party to bear his or her own attorney’s fees and costs. For the reasons set forth herein, we affirm the award of primary residence to the husband, but reverse as to the remaining issues.
 

 The standard of review for the trial court’s findings and determination regarding primary parental responsibility is abuse of discretion. The trial court’s findings regarding the best interest of the child must be supported by competent, substantial evidence.
 
 Knifley v. Knifley,
 
 944 So.2d 1136 (Fla. 5th DCA 2006). The trial court heard testimony of the parties, the expert witnesses and other witnesses at several temporary hearings and finally at the trial. The trial court appears to have considered the many statutory factors contained in Chapter 61.13, Florida Statutes (2004). As the trial court has made the appropriate finding, we will not re-weigh the factual evidence so long as it is supported by the record.
 
 Lahodik v. Lahodik,
 
 969 So.2d 533 (Fla. 1st DCA 2007). The finding that it was in the best interest of the child for the father to be
 
 *1230
 
 designated the primary residential parent is supported by competent, substantial evidence, and therefore must be affirmed.
 
 Cadle v. Norris,
 
 817 So.2d 1075 (Fla. 5th DCA 2002).
 

 Next, the wife challenges the trial court’s imputation of income to her in the amount of $2,000 per month. We conclude after a review of the record that the court’s imputation of income to the wife is not supported by competent, substantial evidence. There was no evidence presented that the wife had ever earned $2,000 per month.
 
 Roth v. Roth,
 
 973 So.2d 580 (Fla. 2d DCA 2008). There was also no evidence presented by either party regarding the wife’s employment potential and probable earnings, based upon her work history and qualifications.
 
 Schram v. Schram,
 
 932 So.2d 245 (Fla. 4th DCA 2005). Likewise, neither party presented any evidence regarding the prevailing wages in the community for someone with the wife’s qualifications and background.
 
 Guard v. Guard,
 
 993 So.2d 1086 (Fla. 5th DCA 2008). The imputation of income to the wife cannot be sustained and, accordingly, must be reversed.
 

 The wife also appeals the trial court’s ruling regarding child support. Because child support is a creature of the combined income of the parents, actual or imputed, our reversal of the imputed income requires the trial court to revisit and recalculate the child support to be awarded.
 
 Hotaling v. Hotaling,
 
 962 So.2d 1048 (Fla. 2d DCA 2007).
 

 To sustain the attorney’s fees ruling, the court must make findings and the record must support the comparative needs and abilities of the parties to pay attorney’s fees. The trial court’s ruling, which required each party to pay his or her own attorney’s fees, does not contain any findings. In the absence of such findings, we reverse the award and remand on this issue as well.
 
 Fulmer v. Fulmer,
 
 961 So.2d 1081 (Fla. 1st DCA 2007).
 

 AFFIRMED in part, REVERSED in part and REMANDED.
 

 MONACO and COHEN, JJ., concur.