EVANDER, J.
 

 Mariann Hudson-McCann appeals from an amended final judgment ordering her to pay child support and denying her request for attorney’s fees. The amended final judgment was entered after this court reversed the original final judgment.
 
 See Hudson-McCann v. McCann,
 
 8 So.3d 1228 (Fla. 5th DCA 2009). Unfortunately, we must also reverse the amended final judgment and remand for further proceedings.
 

 The parties were married for eleven years prior to the filing of the petition for dissolution of marriage. One child was born of the marriage. In its original final judgment, the trial court awarded primary residential custody of the child to the father, ordered him to pay the former wife $1,200 per month alimony for one year, and set the former wife’s child support obligation at $589.48 per month. In calculating child support, the trial court imputed income of $2,000 per month to the former wife.
 

 On appeal, this court affirmed the trial court’s designation of the father as the primary residential parent. However, we reversed the child support order, concluding that the imputed income amount was not supported by competent, substantial
 
 *737
 
 evidence.
 
 McCann,
 
 8 So.3d at 1280. There was no evidence presented that the former wife had ever earned $2,000 per month, nor was there any evidence presented regarding the prevailing wages in the community for someone with the former wife’s qualifications and background.
 
 Id.
 

 On remand, the trial court did not conduct a new evidentiary hearing. Rather, the trial court entered an amended final judgment, lowering the child support obligation to $471.23 per month. The reduced child support amount was based on an imputation of $1,368.50 per month income to the former wife. Because the child had resided primarily with the mother during the pendency of the appeal and the remand proceedings, the trial court ordered child support payments to commence as soon as the child began to reside with the former husband. The same day the trial court entered the amended final judgment, an order was entered requiring transfer of primary residential care of the child to the father.
 

 The decision whether to impute income in determining a child support obligation is within the trial court’s discretion and will not be reversed absent an abuse of discretion.
 
 Guard v. Guard,
 
 993 So.2d 1086, 1089 (Fla. 5th DCA 2008). The imputation of income will be affirmed if supported by competent, substantial evidence.
 
 Id.
 
 In the instant case, the evidence presented during the original trial reflected that the former wife had worked many years during the marriage as a certified nursing assistant or a home-health aide. The amount of income imputed to the former wife, after remand, was consistent with the income she earned in 2005—the year in which the petition for dissolution was filed. Furthermore, there was competent, substantial evidence to support the trial court’s findings (made in the amended final judgment) that the former wife had recovered from certain medical conditions that had arisen subsequent to the filing of the petition for dissolution of marriage and that she had failed to test the job market after her recovery. We find no error in the determination of the amount of income to be imputed to the former wife.
 

 However, the amended final judgment still contains an error in the calculation of child support. In determining the parties’ respective net incomes, the trial court improperly took into consideration the former husband’s $1,200 per month alimony obligation. This alimony obligation
 
 [1]
 
 was to terminate in August 2008-long before the entry of the amended final judgment. While the record before us suggests that the former husband has not fully .complied with his alimony obligation, any failure to do so should be remedied by an order establishing an arrearage and providing for payment of same. The former husband’s alimony obligation should not have been considered in setting a revised child support amount after our prior remand.
 

 Finally, we find no error in the trial court’s denial of the former wife’s request for attorney’s fees incurred at the trial level.
 

 REVERSED and REMANDED.
 

 COHEN, J., and FLEMING, J.M., Associate Judge, concur.
 

 [1]
 

 . The trial court's award of alimony in the original final judgment was not a subject of the prior appeal.