66 So.3d 1056 (2011)
N.H., Appellant,
v.
J.E.T., Appellee.
No. 2D10-4367.
District Court of Appeal of Florida, Second District.
August 3, 2011.
*1057 Mark G. Rodriguez of Mark G. Rodriguez, P.A., Tampa, for Appellant.
Mark A. Sessums and Lacy J. Littlejohn of Sessums Law Group, P.A., Lakeland, for Appellee.
LaROSE, Judge.
N.H., the mother, appeals a final judgment establishing paternity. She argues that the trial court abused its discretion in ordering weekly rotating custody for her son with the father, J.E.T., without providing her a right of first refusal to have custody should the father encounter work schedule conflicts. She also argues that the trial court abused its discretion in denying her motion for relief from judgment where the judgment specified an incorrect residential address where the parties would exchange custody of the child. That address also served as the center of the parents' fifty-mile radius within which each could move without further court order. We affirm the final judgment in all respects, except for concluding that remand is necessary to correct N.H.'s address.
The trial court, in its discretion, found shared parental responsibility to be in the child's best interest. See § 61.13(2)(b), (3), Fla. Stat. (2010). Competent, substantial evidence supports that finding. See Hudson-McCann v. McCann, 8 So.3d 1228, 1229 (Fla. 5th DCA 2009). N.H. argues that the trial court failed to give her a right of first refusal to custody in those instances where the father's work schedule might affect his time with the son. We see no abuse of discretion by the trial court. The parenting plan allows for modification on a temporary basis when both parents agree in writing; when they do not agree, the parenting plan remains in effect. The child's best interests will be served by shared parental responsibility and the trial court's parenting plan.
N.H. also argues that the trial court erred in designating her former Winter Haven residence in the parenting plan. The unrefuted evidence before the trial court showed Lakeland as N.H.'s residence. Thus, we reverse and remand for the trial court to make the necessary correction to N.H.'s address.
Affirmed in part, reversed in part, and remanded with directions.
SILBERMAN, C.J., and CRENSHAW, J., Concur.