571 So.2d 23 (1990)
Robert B. GOODMAN, Appellant,
v.
Jill A. GOODMAN, Appellee.
No. 89-02673.
District Court of Appeal of Florida, Second District.
July 13, 1990.
Philip A. McLeod, St. Petersburg, for appellant.
Carl T. Boake of Wallace, Finck & Boake, St. Petersburg, for appellee.
HALL, Judge.
The husband in this dissolution of marriage proceeding challenges the final judgment which limits visitation with his minor children to the wife's state of residence and awards the wife rehabilitative and permanent periodic alimony, child support, and attorney's fees. He raises seven points on appeal. We find merit only in his contention that the trial court abused its discretion in limiting visitation of the parties' oldest child to the wife's state of residence.
The parties have three children: Noah, who is presently ten years old, and twins, Spencer and Jeremy, who are two years old. Following the parties' separation, the wife decided to move with the children to Ohio, where her parents reside.
In the final judgment of dissolution of marriage, the trial court granted the husband liberal access to the minor children; however, it limited visitation with the children to the wife's state of residence.
Although we agree with the trial court that the twins are too young to travel to visit their father in Florida, we believe that the limitation on visitation as to the oldest child is unnecessarily restrictive.
A trial court has broad discretion to limit visitation as may be necessary to protect the welfare of the children; however, its decision to impose restrictions on visitation must be supported by some evidence in the record showing that such restrictions are necessary.
Accordingly, we strike the provision in the final judgment which limits the husband's visitation with the oldest child to the mother's state of residence. The time schedule for visitation set out in the final *24 judgment and all other provisions therein are not affected by this opinion.
Affirmed in part; reversed in part.
SCHEB, A.C.J., and RYDER, J., concur.