PETERSON, J.
This appeal presents the question of whether the trial court abused its discretion when it awarded compound interest under section 607.247(8), Florida Statutes (1987), to dissenting shareholders in a corporate merger who had perfected their rights to receive payment for the fair market value of their shares pursuant to the same statute.
The merger took place on February 25, 1988 and when the fair market value of the shares owned by the dissenting shareholders could not be resolved, the dissenters initiated this action on February 25, 1992. Although the initial action was to determine the value of the shares, the appellant raised the defense that the dissenters failed to perfect their rights to obtain com *978 pensation notwithstanding that the merged corporation acknowledged in correspondence four years earlier that perfection had taken place.
After finding that appellant had failed to initiate a required action to determine value pursuant to section 607.247(7), Florida Statutes (1987), had failed to negotiate with the dissenters in good faith, had yet to pay the dissenters for their shares, and had engaged in actions before and after trial that deprived the dissenters of their just compensation, the trial court awarded fair market value for the shares, as well as the statutory rate of interest compounded annually from February 25, 1988. The record contains competent substantial evidence to support the trial court’s determination of the fair market value of the shares.
Section 607.247(8), Florida Statutes (1987), governs the interest to be awarded dissenting shareholders in an appraisal proceeding:
The judgment shall include an allowance for interest at such rate as the court may find to be fair and equitable in all the circumstances from the date on which the vote was taken on the proposed corporate action to the date of payment.
The parties agree that no Florida cases have been reported that interpret the “fair and equitable” interest rate to be awarded under the statute or whether the term would include compounded interest. A plain reading of the statute neither authorizes nor prohibits the award of compound interest and incorporates broad language that requires the trial court’s determination of the rate of interest. The trial court employed the variable rates prescribed by section 687.01 for each of the years beginning in 1988 and ending on the date of the judgment. We find that the use of the statutory rate was within the trial court’s discretion. We now turn to an examination of the award of the interest compounded annually.
Other jurisdictions have awarded compound interest to dissenting minority shareholders, reasoning that:
[I]n the absence of compound interest, the corporation could force the dissenter to sell his shares at less than fair value. If the corporation initially makes a low settlement offer, lengthy appraisal proceedings are inevitable. However, the allowance of only [simple] interest on the appraisal award could, in some cases, result in a situation where it would be more profitable for the shareholder to accept the settlement offer and invest the money in a savings account, drawing compounded interest quarterly, rather than go through the lengthy appraisal process. This result is clearly inconsistent with the purpose of the appraisal statutes which is to guarantee the dissenting shareholder fair value of his shares and to encourage the corporation to make a fair settlement offer.
In re Valuation of Common Stock of McLoon Oil Co., et al., 565 A.2d 997 (Me.1989)(quoting Grant, Appraisal Rights: Allowance for Prejudgment Interest, 17 B.C. Indus. & Comm.L.Rev. 1, 19-20 (1975)); see also Sarrouf v. New England Patriots Football Club, Inc., 397 Mass. 542, 492 N.E.2d 1122 (1986)(apprais-al is an equitable proceeding, and court is permitted to consider inability of dissenting shareholders to use money tied up in proceeding in determining whether to award simple or compound interest); Onti, Inc. v. Integra Bank, 751 A.2d 904, 926 (Del.Ch.1999)(“It is simply not credible in today’s financial markets that a person sophisticated enough to perfect his or her appraisal rights would be unsophisticated enough to make an investment at simple interest-in fact, even passbook savings accounts now compound their interest daily
*979 ...see generally, Barry M. Wertheimer, the Shareholders’ Appraisal Remedy and How Courts Determine Fair Value, 47 Duke L.J. 613, 710 n. 517 (“The award of simple interest penalizes dissenting shareholders and does not accord with economic realities.”); David S. Reid, Note, Dissenters’ Rights: An Analysis Exposing the Judicial Myth of Awarding Only Simple Interest, 36 Ariz. L.Rev. 515, 538 (1994)(“[C]ompound interest is not simply helpful to dissenting shareholders, but rather it is mandatory to achieve full compensation for the loss of use of money”). But see Weigel Broadcasting Co. v. Smith, 289 Ill.App.3d 602, 225 Ill.Dec. 1, 682 N.E.2d 745 (1996); DiLuglio v. Providence Auto Body, Inc., 755 A.2d 757 (R.I.2000).
We adopt the reasoning of those decisions that have awarded compound interest to dissenting minority shareholders and find that the appellant has failed to establish that the trial court abused its discretion by awarding interest at the statutory rate compounded annually.
AFFIRMED.
GRIFFIN and PLEUS, JJ., concur.