895 So.2d 469 (2005)
James COYNE, Appellant,
v.
Deborah COYNE, Appellee.
No. 2D03-4344.
District Court of Appeal of Florida, Second District.
February 9, 2005.
*470 James Coyne, pro se.
Richard C. Reinhart, Bradenton, for Appellee.
PER CURIAM.
James Coyne, the Former Husband, appeals from a final judgment of dissolution of marriage. We affirm all aspects of the final judgment except for the custody and visitation provisions, which we reverse and remand.
In this appeal, the Former Husband has raised numerous issues which he asserts require reversal. He specifically challenges the determination of child support and equitable distribution as well as the trial court's failure to award him alimony. He also contends that the trial court erred in entering an order prior to the final hearing which allowed Deborah Coyne, the Former Wife, to attend that hearing telephonically and by allowing certain evidence to be admitted at the final hearing. Finally, he challenges the custody and visitation provisions declaring the Former Wife to have sole parental responsibility of the parties' children and restricting his visitation.
The appellate record is incomplete. After being afforded an opportunity to supplement the record, the Former Husband failed to provide this court with either a record or an appropriate statement of the evidence adequate to address the majority of the issues he raises. Accordingly, with the exception of the provisions concerning custody and visitation, for which error appears on the face of the judgment, we affirm the remainder of the final judgment of dissolution of marriage without discussion. See Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150 (Fla.1980).
The parties are Canadian citizens and have two children  a son who was almost seven years old at the time of the final hearing and a daughter who was almost five months old at that time. At the time of the final hearing, the Former Husband was residing in Florida and the Former Wife and children were residing in Canada.
The trial court awarded sole parental responsibility of the children to the Former Wife and denied the Former Husband visitation with the children outside of Canada. In this regard, the final judgment stated:

CHILDREN: There were two children born of the marriage. They are:
[son]  dob12/24/96
[daughter]  dob 3/22/03
The majority of the testimony elicited at trial concerned the issue of the custody and visitation of the minor children. The Respondent argued that she should be awarded sole parental responsibility and the Petitioner argued that the parties should share in the parental responsibility of their children, with the Respondent being designated as the primary residential parent and giving him regular and specific visitation. It is as *471 to this critical issue that the Court has devoted the most attention.
The parties were married in Canada in 1996 and lived there until they relocated to Manatee County from their home in Ontario, in 2000. The couple, neither United States citizens, entered the country on a VISA dependent upon the Respondent's employment as a surgical nurse. The couple lived as a family here in Manatee County until the Respondent returned to Canada in September of 2002. Because the Petitioner's residency in the United States was tied to the Respondent's employment, her return to Canada caused his U.S. status to become tentative, at best. The Petitioner testified that he has recently hired an attorney in an effort to obtain a VISA, unrelated to the one which was dependant on the Respondent's employment here in the United States. However, the testimony was clear that, at the time of the Final Hearing, the Petitioner's status in this country was indeed tenuous. Though the Petitioner testified that he did not know what would happen if his children were to attempt to travel with him to and from the United States, the Respondent's counsel, an immigration attorney, indicated that because he is not currently in possession of a VISA, it is likely that he and the children would be detained. It is primarily for this reason that the Court cannot fashion a visitation schedule which would allow for regular and consistent contact between the Petitioner and his children in the United States. It is also primarily for this reason that the Court concludes that Shared Parental Responsibility is not appropriate at this time. Though the Petitioner made it clear that he desired to maintain a full and meaningful relationship with his son . . ., his unresolved immigration status causes the Court to be very concerned about the children's ability to travel freely to and from the United States with their father. In addition, the Court has some concern about the Petitioner's ability to appreciate the responsibility that sharing in the parental duties and decision-making entails. Pursuant to the Petitioner filing his Petition for Dissolution here in Manatee County, he filed two (2) Affidavits of Diligent Search, claiming that he did not know where the Respondent was residing, did not have a current telephone listing for her and was unaware of her whereabouts. Evidence introduced in this cause, however, clearly showed that the Petitioner was in fact in regular telephonic contact with the Respondent and his son and wrote cards and letters to their address in Canada on several occasions. The Court finds that his Affidavits of Diligent Search were fraudulent and his hope was to obtain a default judgment, despite being in regular and consistent contact with the Respondent. As such, this Court has grave concerns that the Petitioner truly has his children's best interests at heart and is capable of participating in shared parental responsibility. Finally, the Petitioner's complete disregard for his infant daughter, he has never seen her, nor did he even mention her during the presentation of his case, indicates that shared parental responsibility is not an option. Therefore, the Respondent shall be designated the sole parent for purposes of parental responsibility.

VISITATION: As indicated previously, the Petitioner's immigration status is uncertain. Though he claims to be "VISA pending", he provided no paperwork to indicate that he is currently in this country lawfully, nor did he specify the type of VISA for which he had applied. The testimony was clear that the parties entered this country pursuant to *472 a temporary VISA, tied directly to the Respondent's employment here in the United States. Testimony also indicated that, because of the uncertainty surrounding the Petitioner's status in this country, there may be difficulty encountered in the children's crossing between the United States and Canada. Therefore, until the Petitioner provides proof of lawful immigration status in the United States, all visitation with the minor children must take place in Canada. Though said visitation will not necessarily need to be supervised, the Petitioner must provide the Respondent with at least two (2) weeks notice of his intention to exercise his visitation in Canada, must provide the Petitioner with a location where the visitation will take place, and must provide a working telephone number with which she can reach him and her son during said visitations. Until the Petitioner's immigration status in the United States is determined and until further Order of the Court, the Petitioner will not be permitted visitation with his children outside of Canada.
In order to award sole parental responsibility, a trial court must find, either on the record or in the final judgment, that shared parental responsibility would be detrimental to the children. See Bader v. Bader, 639 So.2d 122 (Fla. 2d DCA 1994).[1] In the present case, the trial court did not make a finding that shared parental responsibility would be detrimental to the children. However, in the final judgment, the trial court stated the factual basis on which it relied to support its decision to award sole parental responsibility to the Former Wife. None of the facts relied upon by the trial court support a finding that shared parental responsibility would be detrimental to the children. Thus, we hold that the trial court abused its discretion in awarding sole parental responsibility to the Former Wife.
As reflected in the final judgment, the trial court restricted the Former Husband's visitation based upon the same concerns which led it to award sole parental responsibility to the Former Wife. *473 While a trial court has broad discretion to restrict visitation when necessary to protect the welfare of the children, restrictions on visitation should be supported by some evidence in the record showing that they are necessary. Mahaffey v. Mahaffey, 614 So.2d 649 (Fla. 2d DCA 1993); Goodman v. Goodman, 571 So.2d 23 (Fla. 2d DCA 1990). The facts stated by the trial court in the final judgment do not support the restriction which requires that the Former Husband's visitation with the children take place in Canada without considering the availability of "tourist visas" or other legal manners of entry into the United States.
Accordingly, the provisions in the final judgment concerning custody and visitation are reversed. This matter is remanded for further proceedings to determine whether shared parental responsibility would be detrimental to the children and to establish an appropriate legal visitation schedule.[2]
Affirmed in part; reversed in part and remanded for further proceedings.
NORTHCUTT, SALCINES, and DAVIS, JJ., Concur.
NOTES
[1] This court, in Bader v. Bader, 639 So.2d 122 (Fla. 2d DCA 1994), reached an en banc decision to recede from prior case law which had required the trial court to make certain written findings in the final judgment. In so doing, this court held: "[I]n the context of an award of sole parental responsibility, . . . a trial court is only required to make a specified finding, either on the record or in the final judgment, that shared parental responsibility would be detrimental to a child." The public policy behind section 61.13, Florida Statutes (2003), clearly favors shared parental responsibility. We note, however, that two provisions within section 61.13 appear to be at odds.

Section 61.13(2)(b)(2), Florida Statutes (2003), provides that "[t]he court shall order that the parental responsibility for a minor child be shared by both parents unless the court finds that shared parental responsibility would be detrimental to the child." Section 61.13(2)(b)(2)(b), Florida Statutes (2003), provides that "[t]he court shall order `sole parental responsibility, with or without visitation, when it is in the best interests of' the minor child." Both provisions were contained within the statute when this court reached its en banc decision in Bader in which we held that the trial court was required to find that shared parental responsibility would be detrimental to a child before awarding sole parental responsibility to a parent.
Reading the two provisions in pari materia, we interpret the latter provision, section 61.13(2)(b)(2)(b), to apply only to a determination concerning whether to afford the noncustodial parent visitation where a trial court awards sole parental responsibility to one parent rather than shared parental responsibility to both. Under those circumstances, the trial court should apply the best interests test. We interpret the former provision, section 61.13(2)(b)(2), to apply to matters in which a trial court must determine the propriety of shared parental responsibility. Under those circumstances, the trial court should apply the detriment test.
[2] We note that the age of the parties' daughter would clearly support travel restrictions and the age of their son might support such restrictions. See Goodman v. Goodman, 571 So.2d 23 (Fla. 2d DCA 1990) (striking the provision which limited visitation to mother's state of residence as to ten-year-old child but upholding restriction as to two-year-old twins). It is also possible that the Former Husband's immigration status has changed since the final hearing.