ALTENBERND, Judge.
 

 Erin Straney appeals an order entitled “Supplemental Final Judgment of Dissolution of Marriage” that is actually a post-judgment order modifying child custody. Because the order appears to have applied the wrong law, we reverse and remand for further proceedings.
 

 Ms. Straney and Brian Lee Floethe divorced in August 2007 after resolving all significant issues in a marital settlement agreement. In that agreement, Ms. Stra-ney was designated the primary residential custodian of the couple’s young daughter and Mr. Floethe was given a visitation schedule.
 

 Almost immediately the parties had difficulties complying with the schedule. Without detailing the evidence, Ms. Stra-
 
 *375
 
 ney and Mr. Floethe have different religious beliefs and lifestyles, and Mr. Floethe claims that Ms. Straney has unilaterally chosen not to allow Mr. Floethe to have contact with the daughter. Ms. Straney admitted she has restricted contact when she believes that contact would conflict with the values she is attempting to teach the daughter.
 

 As a result, nine months after the entry of the final judgment, Mr. Floethe filed a petition to modify the child custody arrangement. The petition alleged a material and substantial change in circumstances. After conducting a hearing, the trial court entered an order modifying the custody arrangement to give Mr. Floethe more time with his daughter. The order establishes a parenting plan under the new statute, section 61.13(3), Florida Statutes (2008), and modifies the parties’ time-sharing with the child. The order does not expressly find that the modification is supported by a substantial, material, and unanticipated change in circumstances. Instead, it recites that the trial court considered all the factors under section 61.13(3) without an explanation as to how those factors supported the modification. Ms. Straney moved for rehearing, but the trial court declined to give any additional explanation for its decision except to explain that Ms. Straney’s religious faith played no part in the court’s decision.
 

 It is well established that an order modifying child custody must be based on a determination that: (1) a substantial and material change in circumstances has occurred since the entry of the final judgment, (2) it is in the child’s best interest to modify custody, and (3) the change in circumstances was not reasonably contemplated when the trial court entered the original final judgment.
 
 See Wade v. Hirschman,
 
 903 So.2d 928, 931, n. 2 (Fla.2005). In making the modification, the court must also consider the factors in section 61.13(3). The case law does not require the trial court to enter detailed findings under these factors.
 
 See, e.g., Julian v. Bryan,
 
 710 So.2d 1037, 1038 (Fla. 2d DCA 1998) (“Although a trial court does not have to give written reasons discussing each factor to be considered in determining the best interests of the child, the record should support that it is in the best interest of that child.”);
 
 Adams v. Shiver,
 
 890 So.2d 1199, 1200-01 (Fla. 1st DCA 2005) (“The trial court is not required to delineate in its final order everything it considered in its resolution of each contested fact.”). Nevertheless, when the parties request rehearing and the case involves issues as sensitive as religion, additional findings are helpful to both the parties and the appellate court to better understand the trial court’s reasons for exercising its discretion.
 
 See, e.g., Flint v. Fortson,
 
 744 So.2d 1217, 1219 (Fla. 4th DCA 1999) (“Even where specific findings are not mandatory, they are always desirable and ‘helpful to reviewing courts.’ ”) (quoting
 
 Hardwick v. Hardwick,
 
 710 So.2d 124, 125 (Fla. 4th DCA 1998)).
 

 In this case, the trial court did not make an express finding that a substantial, material, and unanticipated change in circumstances had occurred. The record does not permit us to conclude that such a finding is implicit in this order. Accordingly, it appears from the record that the trial court applied the wrong law and did not require Mr. Floethe to prove the substantial and material change in circumstances.
 

 Accordingly, we reverse and remand to the trial court for further proceedings. The trial court is free to rely on the evidence that it has already received and to use its own discretion in determining whether additional evidence would be use
 
 *376
 
 ful before entering an order under the correct law.
 

 Reversed and remanded.
 

 DAVIS and WALLACE, JJ., Concur.