SWANSON, J.,
concurring in part and dissenting in part.
I respectfully dissent to the extent the majority reverses the modification of the parties’ previous custody and time-sharing agreement on the ground the former wife failed to establish the existence of a substantial and material change in circumstances. The majority states the “crux of Appellee’s request for modification is Appellant’s decision to move the children to a new home 28 miles from their previous home.” This assertion is inconsistent with the record, in particular with the “Former Wife’s Supplemental Petition for Modification of Parental Responsibility, Children’s Residence and Visitation/Time Sharing Parenting Plan” as well as the trial court’s “Order on Parties’ Cross Supplemental Petitions for Modification and Motion for Contempt.”
Specifically, in addition to issues generated by the move, the former wife’s pleading asserted the former husband is emotionally abusive to the minor children, works all the time, is rarely home, and depends upon his mother to provide care for the children. The former wife also asserted the former husband does not encourage and promote the children’s relationship with their mother, that he disparages her in front of the children, and that the move to St. John’s County was an effort by the former husband to limit the former wife’s access to the children and to alienate her from the family.
Consistent with the former wife’s pleading, the trial court found the former husband tends to alienate the former wife from the minor children, manifests an inability to co-parent, and is “back to drinking and uses medications to excess.” The trial court further found the minor children “were not living in a stable, satisfactory environment.” In doing so, the trial court relied on Dr. Bloomfield’s child custody evaluation, which was admitted into evidence at the hearing. I believe this evaluation contains sufficient evidence of a sub *115 stantial, material, and unanticipated change in circumstances from which the trial court could conclude a modification of the original custody and time-sharing agreement was warranted.
“It is well established that an order modifying child custody must be based on a determination that: (1) a substantial and material change in circumstances has occurred since the entry of the final judgment, (2) it is in the child’s best interest to modify custody, and (3) the change in circumstances was not reasonably contemplated when the trial court entered the original final judgment.” Straney v. Floethe, 58 So.3d 374, 375 (Fla. 2d DCA 2011). As in Straney, the trial court in this case did not make an express finding that a substantial, material, and unanticipated change in circumstances supported modification of child custody. Similarly, the record here does not permit this court to conclude such a finding is implicit in the order. However, I would reverse and remand for further proceedings consistent with Straney, which would give the trial court the opportunity to make an express finding based on the evidence already received or to take additional evidence before rendering a decision. Id. at 375-76.