NORTHCUTT, Judge.
Christopher Fazzaro appeals the final judgment dissolving his marriage to Kristin Fazzaro. We agree that the trial court abused its discretion by giving Ms. Fazza-ro final decision-making authority over matters involving the parties’ minor child, and we reverse on this issue.
The parties were married in 1999, and they have one minor child. In the final judgment, the trial court found that it was in the child’s best interests for the parties to exercise shared parental responsibility, and the court ordered them to do so. But the final judgment further provided that Ms. Fazzaro “shall have final decision-making authority should the parties be unable to reach an agreement on matters pertaining to the minor child.” Time-sharing was ordered in accordance with an attached parenting plan, which also provided for shared parental responsibility. But like the final judgment, it granted sole authority to Ms. Fazzaro if the parents are unable to agree, although it limited her ultimate authority to the areas of “Education/Academic decisions” and “Non-emergency health care.”
Under the parenting and time-sharing statute, shared parental responsibility is preferred unless it would be contrary to the child’s best interests. § 61.13(2)(c)(2), Fla. Stat. (2009). Pertinent to this case, the statute provides as follows:
*51 In ordering shared parental responsibility, the court may consider the expressed desires of the parents and may grant to one party the ultimate responsibility over specific aspects of the child’s welfare or may divide those responsibilities between the parties based on the best interests of the child. Areas of responsibility may include education, health care, and any other responsibilities that the court finds unique to a particular family.
§ 61.13(2)(c)(2)(a). The statute then sets forth a nonexclusive list of factors for the court to consider in establishing parental responsibility, § 61.13(8)(a)-(t), but the. court is not required to make specific findings other than on the ultimate fact of the child’s best interests, Bader v. Bader, 639 So.2d 122, 124-25 (Fla. 2d DCA 1994) (en banc). On appeal, we apply an abuse of discretion standard to determine “whether there is logic and justification for the result.” A.L.G. v. J.F.D., 85 So.3d 527, 529 (Fla. 2d DCA 2012) (quoting Canakaris v. Canakaris, 382 So.2d 1197, 1203 (Fla.1980) (internal quotation mark omitted)).
The court here made no oral or written findings on the factors governing parental responsibility. And our review of the record reveals no logic or justification for the final judgment’s provision granting one party ultimate responsibility over all decisions affecting the child should the parties be unable to agree. As was noted by a sister court, “the effect of this order gives one parent complete control over all the decision-making, which undermines the intent of the child custody statute regarding shared parental responsibility.” Kuharcik v. Kuharcik, 629 So.2d 224, 225 (Fla. 4th DCA 1993) (reversing provision awarding mother ultimate authority over all decisions and remanding for court to delineate authority over specific aspects only). We likewise find no logic or justification for the provisions in the parenting plan that granted Ms. Fazzaro ultimate authority over the child’s education and nonemergency health care. See A.L.G., 85 So.3d at 529 (finding an abuse of discretion “when the judicial action is arbitrary, fanciful, or unreasonable” (quoting Canakaris, 382 So.2d at 1203) (internal quotation marks omitted)).
The evidence at trial primarily focused on Ms. Fazzaro’s request to relocate to Texas with the minor child. There was extensive evidence about Mr. Fazzaro’s many changes in employment, the family’s frequent moves, and the parties’ financial issues. Pertinent to the child’s education, the evidence showed that both parents read to the child and helped with her homework. Because Ms. Fazzaro did not work outside the home, she was able to volunteer at the child’s school. But according to the child’s former teacher, both parents were involved with the school. While this teacher also said that the child had no difficulty learning, Mr. Fazzaro was concerned about the child’s reading level; he was interested in learning aids that would help the child improve. The scant evidence did not support assigning Ms. Fazzaro ultimate responsibility for decisions affecting the child’s education. Nor was there any evidence on the issue of nonemergency health care. In fact, the only possibly relevant evidence pertained to an emergency situation in which the child broke her arm when Mr. Fazzaro was out of town.
We reject Ms. Fazzaro’s assertion that the award of ultimate responsibility was supported by the level of hostility between the parties. Cf. Schneider v. Schneider, 864 So.2d 1193, 1195 (Fla. 4th DCA 2004) (finding no abuse of discretion in award to mother of ultimate responsibility for the child’s health, education, and travel in light of evidence showing hostility between the parties and specific evidence that father had screamed at a teacher and failed to *52 work constructively with the child’s psychologist). Here, there was evidence that Mr. Fazzaro had insulted Ms. Fazzaro, and we do not condone his remarks. But nothing showed a continuing pattern of hostility that reasonably would lead one to conclude that the parties will be unable to effectively work together for their child’s best interests.
We reverse the provision in the final judgment granting Ms. Fazzaro ultimate responsibility for all decisions affecting the child, and we reverse the provisions in the parenting plan assigning to Ms. Fazzaro ultimate responsibility for the child’s education and nonemergency health care. We see no abuse of discretion in the trial court’s relocation decision, and we affirm on this issue without discussion. At oral argument, the parties advised that they had resolved the final issue concerning temporary alimony, which makes that issue moot.
Affirmed in part; reversed in part.
KELLY and VILLANTI, JJ„ Concur.