PER CURIAM. Joseph Verrier appeals a final judgment on his former wife, Phoebe Oaks’ supplemental petition to modify parenting plan. After careful review, we cannot conclude that the circuit court abused its discretion when it determined that a substantial, material, and unanticipated change' in circumstances had occurred which justified a modification. However, the restrictions on Mr. Verrier’s timesharing the circuit court imposed—essentially terminating any contact whatsoever between Mr. Verrier and his children for at least two years and possibly longer—were not supported by any evidence. See Coyne v. Coyne, 895 So.2d 469, 473 (Fla. 2d DCA 2005) (“While a trial court has broad discretion to restrict visitation when necessary to protect the welfare of the children, restrictions on visitation should be supported by some evidence in the record showing that they are necessary,”); Goodman v. Goodman, 571 So.2d 23, 23-24 (Fla. 2d DCA 1990). Rather, it appears that the circuit court simply adopted every one of the restrictions Ms. Oaks' proffered. Accordingly, the provisions in the final judgment prohibiting all visitation or contact between Mr. Verrier and the minor children are reversed. On remand, the- circuit court shall enter a judgment that allows Mr. Verrier telephonic contact and, as conceded by Mr. Verrier during the underlying proceeding, some form of supervised timesharing with the minor children. The circuit court shall also reconsider the restrictions located at paragraphs 23, 24, 26, and 27 of the final judgment to the extent that they may interfere with a revised visitation schedule. We note that the circuit court declined to set forth any findings regarding the factors under section 61.13(3), Florida Statutes (2016), when it rendered its judgment. While not required, we would encourage the circuit court, as we did in Straney v. Floethe, 58 So.3d 374, 375 (Fla. 2d DCA 2011), to set forth factual findings relating to any restrictions it imposes on remand and explain how such restrictions are in the children’s best interests. Cf. § 61.13(3) (“A determination of parental responsibility, a parenting plan, or a time-sharing schedule may not be modified without a showing of a substantial, material, and unanticipated change in circumstances and a determination that the modification is in the best interests of the child.”). Such additional findings are indeed helpful to all concerned “to better understand the trial court’s reasons for exercising its discretion.” Straney, 58 So.3d at 375. We affirm the final judgment in all other respects. Affirmed in part, reversed in part, and remanded with instructions. NORTHCUTT, MORRIS, and LUCAS, JJ., Concur.