NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

R.B.,                                          )
                                               )
            Appellant,                         )
                                               )
v.                                             )          Case No. 2D17-2587
                                               )
B.T.,                                          )
                                               )
            Appellee.                          )
                                               )
_____)

Opinion filed November 9, 2018.

Appeal from the Circuit Court for
Hillsborough County; Michael J. Scionti,
Judge.

Allison M. Perry of Florida Appeals, P.A.,
Tampa, for Appellant.

Mark F. Baseman of Felix, Felix & Baseman,
Tampa, for Appellee.


VILLANTI, Judge.

            In this paternity action, R.B. (the Father) appeals several aspects of the

final judgment of paternity and related relief, which adjudicated various disputes

between the Father and B.T. (the Mother) relating to time-sharing and child support.

While the Father claims to have identified seven alleged deficiencies in the final

judgment, we conclude that only one of the identified issues has merit. Therefore, we affirm in part, reverse in part, and remand for further proceedings.

The Mother and Father were involved in an on-again, off-again relationship for five years before the Mother became pregnant. During that time, both parties were living in Austin, Texas. However, shortly before the child was born, the Mother relocated to St. Petersburg, Florida, where she had family. As a result, the child was born in Florida and has lived in Florida ever since.

The relationship between the parties was volatile even before the birth of their child in June 2015, and to say that their relationship has been acrimonious since that time is an understatement. It appears from the record that neither party is able or willing to put aside their ill feelings for each other or to otherwise act in the best interests of the child. Due to these ongoing disputes, the Mother filed an action seeking a determination of paternity, an award of child support, and a time-sharing schedule. The Father did not dispute paternity, and the case proceeded to a hearing solely on the issues of time-sharing and child support. The final judgment adjudicated these issues, but not in the way the Father requested. He therefore brought this timely appeal.

In his brief, the Father raised numerous issues dealing with the sufficiency of the evidence to support the final judgment and the validity of the trial court's findings. We reject all of his arguments except one. To the extent that the Father contends that the trial court abused its discretion by limiting his weekend time-sharing to either St. Petersburg or Austin, we agree that he is entitled to relief. Therefore, on this single basis, we reverse and remand for further proceedings as explained below.

The time-sharing schedule incorporated into the final judgment specifically states that the Mother resides in St. Petersburg and the Father resides in Austin. The schedule provides that as long as the parents live more than fifty miles apart and before the child turns five years old, the Father will have time-sharing one weekend a month and all time-sharing shall occur in Florida. Once the child turns five, the Father will have time-sharing two weekends per month, with one weekend occurring in St. Petersburg and the other occurring in either St. Petersburg or Austin at the Father's option. Holiday and summer time-sharing can occur in either the state of Florida or the state of Texas. The Father contends that the geographic limitations on his time-sharing constitute an abuse of discretion.

"While a trial court has broad discretion to restrict visitation when necessary to protect the welfare of the children, restrictions on visitation should be supported by some evidence in the record showing that they are necessary." Coyne v. Coyne, 895 So. 2d 469, 473 (Fla. 2d DCA 2005). Thus, when there was no evidence to show that the father, a Canadian citizen, could not travel in and out of the United States, this court held that the trial court abused its discretion by restricting the father's time-sharing with his children to Canada. Id. Similarly, in Mahaffey v. Mahaffey, 614 So. 2d 649, 651 (Fla. 2d DCA 1993), this court reversed a provision restricting time-sharing to either the daughter's residence in Louisville or the father's family home in Alabama when there was no evidence in the record to support limiting time-sharing to either Kentucky or Alabama. See also Goodman v. Goodman, 571 So. 2d 23, 23-24 (Fla. 2d DCA 1990) (holding that it was an abuse of discretion to limit the father's time-sharing

with his oldest child to the mother's state of residence when there was no evidence to support such a restriction).

Here, the final judgment contains no factual findings that establish the necessity of restricting the Father's time-sharing with his child to either St. Petersburg or Austin, nor could it as no evidence was presented on this issue at the hearing. This is particularly true for time-sharing after the child reaches the age of five, when the schedule specifically contemplates some travel for the child. And while this correction may appear minor, because the parties have a long history of focusing on personal animosity, the potential for either of them to attempt to capitalize on the restricted locations of the Father's time-sharing must be corrected to avoid unnecessary litigation. Therefore, we reverse this provision of the final judgment and remand to the trial court for further proceedings on this issue. Given the length of time since the original hearing, the trial court may need to take further evidence on the issue of the propriety of any geographic limitations on time-sharing based on the parties' current residences.

Affirmed in part, reversed in part, and remanded for further proceedings.


KELLY and BLACK, JJ., Concur.