NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

BENJAMIN A. MUSGRAVE,  )
                       )
        Appellant,     )
                       )
v.                     )        Case No. 2D18-2792
                       )
LYNN M. MUSGRAVE,      )
                       )
        Appellee.      )
_____)

Opinion filed November 27, 2019.

Appeal pursuant to Fla. R. App. P.
9.130 from the Circuit Court for
Collier County; Mary Evans, Judge.

Lisa P. Kirby of Lisa P. Kirby, P.A., Naples,
for Appellant.

Scott Martin Roth of Smooth Transitions,
Inc., Naples, for Appellee.


SMITH, Judge

        Benjamin A. Musgrave (Husband) appeals a final judgment dissolving his

marriage to Lynn M. Musgrave (Wife) raising numerous errors arising from the trial

court's "virtually verbatim" adoption of the Wife's proposed final judgment after a two-

day, nonjury trial.  Because we find merit on the following issues: award of sole parental

responsibility to the Wife, entry of de facto domestic violence injunction against the

Husband, and requirement that the Husband name the Wife as a beneficiary under his existing life insurance policy, we reverse as to these issues and remand with instructions. We affirm the final judgment of dissolution in all other respects without comment.

I

The main dispute in this marriage dissolution case centered around the Husband's attempt to gain sole parental responsibility of the parties' two minor children. The Husband claimed in his petition that shared parental responsibility was detrimental to the minor children because of the Wife's "lack of moral fitness."[1] In response, the Wife denied the Husband's allegations and, in turn, threatened to seek sole parental responsibility if the Husband continued to exhibit "defiant, disruptive, mean-spirited, unreliable, unreasonable, disrespectful and/or dismissive" behavior toward her.[2] However, the Wife never formally requested sole parental responsibility. Both parties were represented by counsel throughout the proceedings below.

The Husband and Wife were married almost ten years[3] and at the time of the petition had two minor children. They were living in separate residences for approximately one year before the Husband filed his petition for dissolution of marriage.

---

[1]The Husband subpoenaed approximately twenty of the Wife's business acquaintances to testify at trial. The Wife was successful in obtaining an order limiting the Husband's trial witnesses.

[2]The Wife testified the Husband installed a tracking device on her car to gain knowledge of her whereabouts. Despite the Wife's allegations in her response, she did not seek sole parental responsibility.

[3]The parties entered into a prenuptial agreement prior to the marriage, which the parties stipulated was valid. The agreement addressed financial matters but not the parenting issues before the trial court.

During the parties' separation, and until the final hearing, they maintained an equal timesharing schedule, rotating the children on a weekly basis pursuant to a stipulated temporary order. Neither party sought to alter the equal timesharing schedule in these proceedings.

The only issues tried during the trial were the issues of parental responsibility, the creation of a holiday timesharing schedule, and equitable distribution, with the issue of parental responsibility taking up the majority of the trial. The proceedings were clearly acrimonious. The Husband presented six witnesses to testify regarding the Wife's "moral fitness." The Husband's evidence amounted to an inappropriate, and mostly unsubstantiated, attempt to tarnish the Wife's character and had little, if anything, to do with demonstrating shared parental responsibility was detrimental to the children. The Wife presented no outside witnesses and relied on her own testimony. At the conclusion of the trial, the Husband conceded the evidence failed to establish the requisite detrimental finding necessary to award him sole parental responsibility,[4] but nevertheless asked the trial court to award him sole responsibility with regard to the minor children's education and extracurricular activities.

Upon conclusion of the trial, the trial court reserved ruling and made no oral pronouncement of any findings of fact or legal conclusions. The trial court directed the parties' respective counsel to submit proposed final judgments, to which neither party objected. The Husband submitted his proposed final judgment on February 14, 2018, and the Wife submitted her eighteen-page proposed final judgment on February

---

[4]The Husband explained in his motion for rehearing that "[i]t was the Husband's legal and factual position that witnesses would testify to something other than they actually did."

16, 2018. On May 1, 2018, the trial court signed the Wife's proposed final judgment, adding one handwritten sentence noting concern regarding the Husband's practice of weighing the children after timesharing with the Wife.

Relevant to our opinion here, the final judgment granted the Wife sole parental responsibility of both children, granted the Wife what amounted to a de facto domestic violence injunction against the Husband, and ordered the Husband to name the Wife as a beneficiary of his existing life insurance policy.

## II

We must first address the Husband's attack of the final judgment, as a whole, based upon the trial court's "virtually verbatim" adoption of the Wife's proposed final judgment, arguing the findings do not reflect the court's thoughtful and independent analysis.

"[T]he law in Florida does not prohibit the verbatim adoption of a judgment that has been proposed by a party." Bishop v. Bishop, 47 So. 3d 326, 328 (Fla. 2d DCA 2010) (citing M.D. v. Dep't of Children & Family Servs., 924 So. 2d 827, 830 (Fla. 2d DCA 2005)). However, an adopted judgment "cannot substitute for a thoughtful and independent analysis of the facts, issues, and law by the trial judge." Perlow v. Berg-Perlow, 875 So. 2d 383, 390 (Fla. 2004). A trial judge is permitted to request a proposed final judgment from the parties, so long as the opposing party is given an opportunity to comment or object prior to entry of an order by the court. Id. at 388 (noting a verbatim acceptance of a proposed final judgment, without first affording an opportunity for response by the opposing party is contrary to the requirements of Canon

- 4 -

3B(7) of the Florida Code of Judicial Conduct[5]).  But see Waldman v. Waldman, 520 So. 2d 87, 88 n.4 (Fla. 3d DCA 1988) ("We condemn this practice [of requesting both parties to submit proposed orders and adopting one of the proposed orders verbatim]. We admonish the bench and the bar that, particularly in domestic relations cases, findings of fact and conclusions based thereon are of critical importance. . . .  The better practice, indeed the preferred practice, is for the trial court to indicate on the record its findings and conclusions."), receded from on other grounds, Acker v. Acker, 821 So. 2d 1088 (Fla. 3d DCA 2002).  This court has announced "we will reverse any judgment entered under circumstances that create an appearance that the judgment does not reflect the judge's independent decision-making.  However, the fact that the judgment was adopted from a proposal submitted by a party does not, standing alone, raise that possibility."  M.D., 924 So. 2d at 831.

In Perlow, the trial court made no changes to a twenty-five page final judgment submitted by the wife's counsel and signed the judgment two hours after receiving it.  Perlow, 875 So. 2d at 389.  The husband, who did not have counsel, was not furnished a copy of the proposed judgment and was not given an opportunity to object.  Id.  Whereas here: both parties were represented by counsel; the Husband was given a copy of the Wife's proposed final judgment; the trial court signed the Wife's proposed final judgment two-and-a-half months after receiving the competing orders,

---

[5]The commentary to Canon 3B(7) states in part:

> A judge may request a party to submit proposed findings of fact and conclusions of law, so long as the other parties are apprised of the request and are given an opportunity to respond to the proposed findings and conclusions.

during which time the Husband raised no objection to the Wife's proposed final judgment; and the trial court made a hand-written notation on the Wife's proposed final judgment before signing it—implicating the trial court's independent evaluation of the submitted findings.

Moreover, a review of the record indicates the trial court actively participated in the final hearing, which reinforces the conclusion that the trial court exercised her independent decision-making. See Kendall Healthcare Grp., Ltd. v. Madrigal, 271 So. 3d 1120, 1122 (Fla. 3d DCA 2019) (determining the trial court actively participated in nonjury trial by asking pertinent questions and giving appearance it understood the expert testimony); Cabrera v. Cabrera, 987 So. 2d 753, 754-55 (Fla. 3d DCA 2008) (finding record support that the trial court actively participated in the proceeding); Bryan v. Bryan, 930 So. 2d 693, 696 (Fla. 3d DCA 2006) (concluding trial court exercised independent decision-making where court actively participated in final hearing by asking questions and taking notes). We note there is no question the Wife's counsel took great liberties when preparing the proposed final judgment;[6] however, none of the arguably inappropriate or inflammatory findings included in the final judgment create the appearance that the judge failed to exercise her independent decision-making in this case, as required for reversal.

---

[6]The proposed final judgment submitted by the Wife contains numerous, unnecessary editorializing and inflammatory remarks, as well as unprofessional findings which serve no purpose other than to harass – much like the Husband's case-in-chief and as such will only result in a negative impact on the minor children in the event they were to later review the final judgment. See Perlow, 875 So. 2d at 391-92 (Pariente, J., concurring).

Accordingly, under the facts of this case, we hold there was no abuse of discretion by the trial court in adopting the Wife's proposed final judgment. Additionally, upon rehearing the Husband failed to raise an objection to the proposed final judgment based upon the "verbatim" theory, and he cannot now complain error for the first time in this appeal. See Aills v. Boemi, 29 So. 3d 1105, 1108-09 (Fla. 2010) (concluding party did not properly preserve objection for appellate review).

### III

The Husband also challenges the final judgment's award of sole parental responsibility to the Wife on the grounds the trial court's findings were not supported by competent, substantial evidence. We note that these proceedings commenced with the Husband's own request for sole parental responsibility, based upon his contention that shared parental responsibility would be detrimental to the minor children, and concluded with the Husband's counsel conceding the Husband failed to meet his burden of proof on the sole parental responsibility issue, only after he paraded witness after witness into the courtroom to testify regarding the Wife's moral fitness.

Nonetheless, we review the trial court's award of sole parental responsibility under an abuse of discretion standard to determine "whether there is logic and justification for the result." Fazzaro v. Fazzaro, 110 So. 3d 49, 51 (Fla. 2d DCA 2013) (citing A.L.G. v. J.F.D., 85 So. 3d 527, 529 (Fla. 2d DCA 2012)); see also Cranney v. Cranney, 206 So. 3d 162 (Fla. 2d DCA 2016); accord Smith v. Smith, 971 So. 2d 191, 195 (Fla. 1st DCA 2007) (reviewing specifically whether competent, substantial evidence supports the trial court's decision). Because the Wife never requested sole parental responsibility and because we find no logic and justification for

the award of sole parental responsibility to the Wife, we reverse this portion of the final judgment and remand for the reasons set forth below, which should assist the trial court in creating an appropriate parenting plan under section 61.13, Florida Statutes (2018), with regard to the parties' shared parental responsibility.

The burden of showing that shared parental responsibility would be detrimental to a child falls on the party objecting to shared parental responsibility. Kent v. Burdick, 573 So. 2d 61, 63 (Fla. 1st DCA 1990). A trial court's determination that shared parental responsibility would be detrimental to the child "will be upheld as long as there is substantial competent evidence in the record that conforms to the relevant factors." Bader v. Bader, 639 So. 2d 122, 124 (Fla. 2d DCA 1994).

Florida's public policy "clearly favors shared parental responsibility." Coyne v. Coyne, 895 So. 2d 469, 472 n.1 (Fla. 2d DCA 2005); see also § 61.13(2)(c)(1), Fla. Stat. (2018) ("It is the public policy of this state that each minor child have frequent and continuing contact with both parents after the parents separate or the marriage of the parties is dissolved and to encourage parents to share the rights and responsibilities, and joys, of childrearing."). Based upon the strong public policy in favor of shared parental responsibility, section 61.13(2)(c)(2) mandates: "The court shall order that the parental responsibility for a minor child be shared by both parents unless the court finds that shared parental responsibility would be detrimental to the child."

In determining the appropriate parental responsibility for each parent, section 61.13(2)(c)(2)(a) grants the trial court broad discretion to award "ultimate responsibility over specific aspects of the child's welfare or may divide those responsibilities between the parties based on the best interests of the child." In doing

so, the trial court is permitted, but not required, to "consider the expressed desires of the parents." Id. Notwithstanding, the trial court's primary consideration shall always be the best interests of the minor child. § 61.13(3).

Where the trial court is required to determine the propriety of shared parental responsibility, a trial court must apply the detriment test under section 61.13(2)(c)(2) to determine whether shared parental responsibility would be detrimental to the child. Coyne, 895 So. 2d at 472 n.1 (discussing Bader, 639 So. 2d at 124). If the answer to this question is in the affirmative, the trial court must then make a specific finding "either on the record or in the final judgment, that shared parental responsibility would be detrimental to the child." Id. at 472 (holding the trial court is not required to make any written findings other than that shared parental responsibility would be detrimental to the child, recognizing that delving into the best interest factors not only burdens the trial court but, moreover, would have far-reaching adverse consequences on a child's privacy interest); A.L.G., 85 So. 3d 527; Coyne, 895 So. 2d 469; Evans v. Woodard, 898 So. 2d 230 (Fla. 2d DCA 2005); Decker v. Lyle, 848 So. 2d 501 (Fla. 2d DCA 2003); see also Maslow v. Edwards, 886 So. 2d 1027, 1028 (Fla. 5th DCA 2004) (employing the best interest of the child standard does not "obviate the necessity of a specific finding that shared parental responsibility would be detrimental to the child before awarding sole parental responsibility to a parent") (first citing Hicks v. Hicks, 511 So. 2d 628 (Fla. 2d DCA 1987); then citing Nichols v. Nichols, 432 So. 2d 648 (Fla. 1st DCA 1983)).

A trial court's failure to provide any justification for preferring one parent over the other in assigning parental responsibility is an abuse of discretion. See

Cranney, 206 So. 3d at 164 (determining there was no evidence that the parties had an "extensive inability to cooperate on issues involving the welfare of the children so as to justify an award of sole decision-making authority"); Fazzaro, 110 So. 3d at 51-52 (finding hostility between the parties did not establish their inability to work together for the best interest of the child); Ziruolo v. Ziruolo, 217 So. 3d 1170 (Fla. 1st DCA 2017) (holding the trial court's order assigning mother as the ultimate decision maker over the children's healthcare, school, and other activities without any justification was not supported by competent substantial evidence).

The Husband acknowledges the final judgment contains the requisite Bader finding of detriment,[7] but argues there is no competent, substantial evidence supporting the finding of detriment, with which we agree. In support of the detrimental finding, the trial court's final judgment states: "[T]he Wife should not be compelled to co-parent with someone who is spiteful, vengeful, and not credible. Therefore, the Court awards sole parental responsibility."[8] Unquestionably, the detrimental findings read more like a diatribe of the Wife's criticisms of the Husband during the marriage and their separation; however, they bear no weight on the Husband's ability to share parental responsibility with the Wife. Nor do the findings establish that shared parental responsibility would be detrimental to the minor children. In fact, the only finding amongst these detrimental findings with any remote relationship to the minor children is

---

[7]Cf. Coyne, 895 So. 2d at 473 (reversing and remanding to trial court for determination whether shared parental responsibility would be detrimental to the children).

[8]We refrain from detailing the remainder of the trial court's detrimental findings, so as not to compound any adverse consequences on the minor children.

- 10 -

the trial court's handwritten notation regarding the Husband's practice of weighing the children after returning from the Wife's care. Conversely, the record evidence established the Husband shared in taking the children to doctor appointments and was supportive and an active participant in the children's extracurricular activities.

The evidence here certainly indicates animosity between the Husband and Wife, but we cannot conclude there is competent, substantial evidence to constitute detriment to the children that would support wholly abrogating the Husband's parental responsibilities.

Furthermore, the record reveals the Wife never requested sole parental responsibility. In a dissolution action, an issue is properly before the court when it is raised in the pleadings or when it is raised and considered by the court without objection. Sugrim v. Sugrim, 649 So. 2d 936, 938 (Fla. 5th DCA 1995). Here, the Wife did not request sole parental responsibility in any pleading. While she threatened to seek sole parental responsibility if the Husband continued his alleged antics directed at her (as opposed to directed toward the children), she did not amend her pleadings, nor did she present any evidence during the two-day trial that would indicate the issue was tried by implied consent. See DeLoach v. DeLoach, 552 So. 2d 324, 325 (Fla. 1st DCA 1989) (holding when an issue regarding equitable distribution is raised and considered without objection, it is appropriate to regard the issue as if it had been pleaded). Here, because the Wife did not request sole parental responsibility and because there was no evidence before the trial court that would allow it to enter an award of sole parental responsibility to the Wife, the trial court abused its discretion in awarding sole parental responsibility to the Wife.

We hold the trial court abused its discretion in awarding sole parental responsibility to the Wife where the Wife did not request sole parental responsibility and where there is no "logical or reasonable justification" for the award that would support the conclusion that shared parental responsibility was detrimental to the minor children. See Cranney, 206 So. 3d at 165 (holding trial court erred in awarding mother ultimate decision-making authority in the absence of any finding of specific detriment and where there was no "logic or justification" for the award).

**IV**

Next, we find error in the final judgment to the extent it grants the Wife what amounts to a de facto domestic violence injunction against the Husband. We review for competent, substantial evidence. See S.C. v. A.D., 67 So. 3d 346, 347 (Fla. 2d DCA 2011).

The specific language of the final judgment reads as follows:

19. Based upon the credible testimony of the Wife, the Court has concerns regarding the Wife's safety. Therefore, the Husband shall not come on or about the Wife's place of employment. The Husband shall not come on or about the Wife's residence, unless he has been specifically invited by the Wife, in writing, and for the sole purpose of delivering the children into her care. The Husband shall not come within 100 feet of the Wife's motor vehicle.

While a trial court has discretion to enter specific orders regarding parenting plans and timesharing "as such orders relate to the circumstances of the parties and the nature of the case and are equitable," under section 61.13(5), this discretion is not absolute. See Worthington v. Worthington, 123 So. 3d 1189, 1190 (Fla. 2d DCA 2013) (finding trial court abused its discretion in granting unrequested relief).

- 12 -

Section 741.30, Florida Statutes (2017), specifies the procedure for a party seeking protection from domestic violence, i.e., petitioning the circuit court for a permanent injunction against the person allegedly committing the domestic violence. For a party to have standing to seek a domestic violence injunction the court must find that the petitioner "is either the victim of domestic violence as defined in section 741.28 or has reasonable cause to believe he or she is in imminent danger of becoming the victim of any domestic violence." § 741.30(1)(a); see also Ambrefe v. Ambrefe, 993 So. 2d 98, 98 (Fla. 2d DCA 2008). A permanent injunction will only be granted after a party is provided fundamental fairness of notice and due process. See Semple v. Semple, 763 So. 2d 484 (Fla. 4th DCA 2000) (discussing fundamental requirements of notice and due process via full evidentiary hearing prior to issuance of injunction under chapter 741).

The record here is devoid of any facts showing the Wife followed the procedure set forth in section 741.30, much less that she had standing to file a petition for domestic violence or showing the Husband was provided notice and hearing before the entry of the injunction. Accordingly, the trial court acted without the proper statutory authority when it entered the de facto domestic violence injunction. See Hunter v. Booker, 133 So. 3d 623, 627 (Fla. 1st DCA 2014) (finding the trial court "violated [p]etitioner's right to due process by granting relief not requested by [r]espondent, and by sua sponte raising and considering the issue [of temporary parenting plan after dismissal of injunction] without providing adequate notice").

- 13 -

**V**

The final argument we address in this appeal is that portion of the final judgment requiring the Husband to name the Wife as a beneficiary to his existing life insurance policy, absent any special circumstances requiring him to maintain such policy and absent any evidence showing his ability to pay the insurance premiums.

A trial court may order a parent to purchase or maintain life insurance or otherwise secure child support or alimony obligations, see §§ 61.13(1)(c), 61.08(3); or to otherwise secure such obligations and protect the receiving spouse in "appropriate circumstances." Sobelman v. Sobelman, 541 So. 2d 1153, 1154-55 (Fla. 1989). We find no merit in the Wife's argument that the Husband's advanced age of seventy with two young children qualifies as a special or appropriate circumstance. In the instant case, the Wife is paying child support to the Husband. No stretch of the opinion in Sobelman could be read to require a spouse, who is the *receiving* spouse of child support, to secure the other party's obligation. Because we reverse the requirement to name the Wife as a beneficiary under the Husband's existing life insurance policy, we need not reach the issue of the Husband's ability to pay.

**IV**

Accordingly, we reverse the final judgment, in part, and remand for the trial court to enter a final judgment consistent with this opinion. On remand, we instruct the trial court to amend the final judgment to award the parties shared parental responsibility on matters including education, health and medical, and extracurricular activities. We instruct the trial court to remove all findings and inflammatory remarks related to the issue of parental responsibility consistent with this court's decision in

- 14 -

<u>Bader</u>, 639 So. 2d at 124-25.  The trial court shall remove paragraph nineteen, which amounts to a de facto injunction against the Husband, and the portion of the final judgment requiring the Husband to name the Wife as a beneficiary of his life insurance policy.

Affirmed in part, reversed in part, and remanded with instructions.

CASANUEVA and MORRIS, JJ., Concur.