DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**CASSIO S. AIALA,**
Appellant,

v.

**JAIME R. LARKIN,**
Appellee.

No. 4D20-55

[March 3, 2021]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Sarah Willis, Judge; L.T. Case No. 50-2014-DR-007271-XXXX-MB.

David M. Scott of the Florida Family Law Clinic, LLC, Fort Lauderdale, for appellant.

Ralph T. White of the Law Office of R.T. White, Palm Beach Gardens, for appellee.

PER CURIAM.

The father appeals the final judgment on a petition for modification of parental responsibility and time-sharing provisions of a paternity judgment. We affirm the modification of the time-sharing, as there was competent evidence to support it. While the father claims that the evidence merely showed an acrimonious relationship and lack of communication between the father and mother, the court found that their relationship was more than acrimonious, including a battery by the father against the mother and other physical acts, as well as his violation of the parenting plan by preventing communication between the mother and child. As there is competent substantial evidence to support the trial court's ruling, we will not disturb it.

The father also contends that the court abused its discretion in giving the mother ultimate decision-making authority as to medical issues. The parenting plan attached to the final judgment provides for shared parental responsibility and for the parents to confer on major decisions. But *where the parents are unable to agree*, the authority to make decisions on non-

emergency healthcare is given to the mother. This court approved a similar provision in *Schneider v. Schneider*, 864 So. 2d 1193 (Fla. 4th DCA 2004). In *Fazzaro v. Fazzaro*, 110 So. 3d 49 (Fla. 2d DCA 2013), our sister court rejected the trial court's imposition of ultimate authority over non-emergency healthcare to one parent. *Id.* at 52. Although there was evidence the parents were unable to agree, the trial court had provided no oral or written findings of fact to support placing ultimate authority in one parent, and "nothing showed a continuing pattern of hostility that reasonably would lead one to conclude that the parties will be unable to effectively work together for their child's best interests." *Id.* at 51–52. Conversely, in this case, the court found that the parties do not communicate, and their relationship is beyond acrimonious. The father refused to take the child to medical appointments and, when he did offer, it was his girlfriend who would take the child. He also sometimes failed to give the child necessary medicine, and he knew very little of the details concerning the child's healthcare. The court weighed all of these factors and determined that when the parties disagree, the mother should have ultimate authority over non-emergency medical decisions. The court did not abuse its discretion.

*Affirmed.*

WARNER, CONNER and FORST, JJ., concur.

*    *    *

**Not final until disposition of timely filed motion for rehearing.**